245 So.2d 671 (1971)
Russell R. HANEY, Appellant,
v.
OLIN CORPORATION, Formerly Known As Olin Mathieson Chemical Corporation, a Corporation, Appellee.
No. 70-1059.
District Court of Appeal of Florida, Fourth District.
March 8, 1971.
*672 William M. Rowland, Jr., of Rowland & Petruska, Orlando, for appellant.
Walton B. Hallowes, Jr., of Maguire, Voorhis & Wells, Orlando, for appellee.
OWEN, Judge.
Mr. Russell B. Haney brings this interlocutory appeal to review an order denying a motion to quash personal service of process upon him.
The question presented is whether under the facts of this case there was a sufficient delivery to appellant of a copy of the original process and a copy of the complaint as to constitute valid service under the provisions of F.S. section 48.031, F.S.A. The trial court answered this in the affirmative and we believe correctly so.
Appellant and his wife were defendants in a civil action filed in the Circuit Court of Orange County by Olin Corporation, appellee herein. Process was issued and delivered to the sheriff for service. At approximately midnight on October 12, 1970, Deputy Sheriff Trainum was sitting in his parked automobile on the street in front of the Haney residence. At that time the deputy observed the front door of the residence open and two ladies (subsequently identified as Mrs. Haney and Mrs. Durham) emerge and walk toward the street. The front door of the house remained open with Mr. Haney standing at the doorway. Deputy Trainum walked from his vehicle toward the two ladies, identifying himself as a deputy sheriff. Mrs. Haney immediately turned around and ran into the house through the front door, hollering, "No! No!" The deputy sheriff followed her to the front door but before he reached there, the door was closed in his face. He then knocked on the door, rang the doorbell, identified himself in a loud voice and announced that he had with him copies of summons and complaint in the civil action which were to be served upon Mr. and Mrs. Haney. When no one would open the door or respond to his knocking and ringing of the doorbell, he proceeded to read the summons in a loud voice and then announced that he was leaving a copy of the summons and complaint for Mr. Haney on the door step and that he was likewise leaving a copy of the summons and complaint with Mr. Haney as service upon his wife. The deputy then returned to his vehicle and left the area. The following morning Mrs. Durham, who was business manager of Mr. Haney's automotive business, returned to the Haney residence, *673 picked up the papers lying on the door step and took them inside the house where she laid them on a table. Although neither Mr. Haney nor his wife looked at the suit papers, they did ask Mrs. Durham what the papers were and when she informed them that the papers were from the Olin Corporation, Mr. Haney instructed Mrs. Durham to take them back to the office. Mrs. Durham did take the papers with her when she left the Haney residence that afternoon.
The real purpose of the service of summons is to give proper notice to the defendant in the case that he is answerable to the claim of plaintiff. Klosenski v. Flaherty, Fla. 1959, 116 So.2d 767; State ex rel. Merritt v. Heffernan, 1940, 142 Fla. 496, 195 So. 145; Arcadia Citrus Growers Ass'n. v. Hollingsworth, 1938, 135 Fla. 322, 185 So. 431 and 25 Fla.Jur., Process, § 3. The major purpose of the constitutional provision which guarantees "due process" is to make certain that when a person is sued he has notice of the suit and an opportunity to defend. State ex rel. Weber v. Register, Fla. 1953, 67 So.2d 619. It is our view that this purpose is fulfilled and the statutory requirement of delivery met by the facts of this case. An officer's reasonable attempt to effect personal service of process upon a person in his own home, when the person reasonably should know the officer's identity and purpose, cannot be frustrated by the simple expedient of the person closing the front door in the officer's face and wilfully refusing to accept service of process, very much as a child playing a game of tag might gain instantaneous immunity by calling "King's X".
The case of Peoples Trust Company of Bergen County v. Kozuck, 1967, 98 N.J. Super. 235, 236 A.2d 630, affirmed, 103 N.J. Super. 151, 246 A.2d 744, involved a somewhat analogous situation. There, Mr. and Mrs. Kozuck were named as defendants in a suit on a promissory note. The process server went to the defendants' home and rang the doorbell, whereupon a woman opened an upstairs window and identified herself as Mrs. Kozuck. When the process server identified himself, the woman denied that she was Mrs. Kozuck and as she started to close the window the process server told her he would leave the papers in the mailbox. He then rang the doorbell again but upon receiving no further answer from Mrs. Kozuck the process server left the papers outside the house where Mrs. Kozuck found them a short time later. In its opinion the court stated:
"It is generally held that when a summons is offered to someone, he cannot avoid service by refusing physically to accept the summons if he is informed that service of process is being attempted." (citations omitted.)
* * * * * *
"The rule means that a person within the jurisdiction has an obligation to accept service of process when service is attempted reasonably."
* * * * * *
"Such service [on Mrs. Kozuck] is valid and could not be avoided by Mrs. Kozuck's refusal to open the door and accept the papers, or by her denying her true identity."
We adopt as sound principles of law particularly applicable to this case the foregoing quoted portions of the opinion in the Kozuck case.
Appellant concedes that delivery does not require that the copy of summons and complaint be placed in the defendant's hand, nor, for that matter, that the defendant be even physically touched with the suit papers (although this latter ceremony may at one time have been thought the traditional means to effect personal service. See Roth v. W.T. Cowan, Inc., U.S.D.C.E.D.N.Y. 1951, 97 F. Supp. 675). Appellant does contend, however, that even through the closed front door there must be some minimum exchange of communication between the defendant and the deputy, somewhat as in the Kozuck case, supra, or as there was in the case of Hatmaker v. Hatmaker, *674 1949, 337 Ill. App. 175, 85 N.E.2d 345, in order that the mere leaving of the suit papers on the door step can become an effective delivery. We fail to see the significance of such when appellant was physically present on the premises, was reasonably apprised of the officer's presence and purpose, and could have had the suit papers placed directly in his hand by the simple expedient of opening the door in response to the officer's request.
The order denying the motion to quash service of process upon appellant is affirmed.
CROSS, C.J., and MAGER, J., concur.