REED, Judge.
This is an interlocutory appeal by the appellant, Olin Corporation, from an order of the Circuit Court for Orange County, Florida, quashing service of process on Wava B. Haney, one of two defendants in the trial court. The trial court quashed the service of process on Wava B. Haney because he concluded that substituted service of process as permitted by F.S.1969, section 48.031, F.S.A. was not achieved for the reason that the deputy sheriff did not, when leaving the papers at Mrs. Haney’s usual place of abode, inform anyone of their contents.
The point on appeal is whether or not process was validly served on Mrs. Haney.
The pertinent facts which are without dispute are set out as follows in the order on appeal:
“That on the evening of October 12, 1970, Mrs. Doris Derum (Durham) was visiting at the home of Mr. and Mrs. RUSSELL R. HANEY, 6112 Holiday Hill, Pine Hills, Orlando, Florida. Sometime about midnight on the evening of October 12, 1970, Mrs. Derum (Durham) left the HANEY residence, and walked down the walkway. Thereupon, Deputy Sheriff Trainum emerged from his vehicle, identified himself to the two women as a Deputy Sheriff with the Sheriff’s Department. Whereupon, according to the testimony of Deputy Trainum, Mrs. Haney ran back to the front door, hollering “No, No!” The Deputy Sheriff then went to the front door which had been closed and identified himself and read the Summons in a loud voice, and then advised in a loud voice that he was leaving a copy of the Complaint and Summons for RUSSELL R. HANEY, and that he was leaving a copy of said Complaint and Summons with RUSSELL R. HANEY as service upon WAVA M. HANEY. The testimony reflects that the Deputy Sheriff was within five to 20 feet of MRS. HANEY before she re-entered her home.
“The next day, Mrs. Derum (Durham) returned to the home of the HANEYS and upon finding the papers on the front doorstep, took them inside to the HANEY home. When Mrs. Derum (Durham) informed MR. HANEY that the papers were from the OLIN CORPORATION, he instructed her to take them back to the office.”
F.S.1969, section 48.031, F.S.A. permits service of process to be made by either of two methods. By one method, service of process is accomplished by personally delivering a copy of the process and the complaint to the person to be served. By the other method, service is accomplished by leaving such items at the defendant’s usual place of abode with some person of the family over IS years of age. The latter method is commonly referred to as substituted service of process. When it is employed, the process server must inform the person with whom the copies are left of their contents.
We agree with the trial judge’s conclusion that substituted service was not accomplished. See Barwick v. Rouse, 1907, 53 Fla. 643, 43 So. 753. Under the present facts, however, it is our opinion that the deputy sheriff made a sufficient delivery of the papers to Mrs. Haney to effect valid service of process by personal delivery. Normally, where service is to be made by personal delivery the papers must be delivered into the hand or onto the person of the one to be served. Where, however, the person to be served flees from the presence of the process server in a deliberate attempt to avoid service of process, the delivery requirement of that part of F. S.1969, section 48.031, F.S.A., reading as follows:
“Service of original process is made by delivering a copy thereof to the per *671 son to be served with a copy of the complaint * * *”
may be satisfied if the process server leaves the papers at a place from which such person can easily retrieve them and takes reasonable steps to call such delivery to the attention of the person to be served. See Roth v. W. T. Cowan, Inc., 97 F.Supp. 675 (E.D.N.Y.1951) and Haney v. Olin Corporation, Fourth District Court of Appeal, 245 So.2d 671.
We, therefore, conclude that service of process should not have been quashed with respect to Mrs. Haney.
The order appealed from is vacated insofar as it quashes service of process on Wava B. Haney. On remand the trial court shall direct the sheriff to amend his return to show service of process on Mrs. Haney by delivery.
OWEN and MAGER, JJ., concur.