PER CURIAM.
Defendants appeal an ex parte order commissioning Janet R. Pimley for the service of summons and complaint upon defendant Steven Bronson.
Plaintiff, Rotocast Plastic Products, filed a complaint for usury, fraud, etc. against Exchange National Bank of Chicago, Edward Sax, Lincolnshire Financial Services and Steven Bronson, vice-president of Exchange National Bank. The complaint alleged that Bronson was a resident of Chicago, Illinois. All defendants filed motions to dismiss which were denied except that of Bronson, whose dismissal motion was granted for insufficiency of service of process. Thereafter, plaintiff filed a motion for an order issuing a commission to Janet R. Pim-ley for the service of process on defendant Bronson in accordance with Sections 48.161, 48.181, Florida Statutes (1975) and Fla.R. Civ.P. 1.070. Without a hearing, the court granted the motion and entered an order commissioning Pimley for the service of summons and complaint on Bronson. Bronson and the other defendants appeal. We reverse.
The courts have the inherent power to appoint a process server upon default or disqualification of the sheriff or other officers so authorized, and under Fla.R.Civ.P. 1.070(b), the court may appoint any competent person not interested in the action to serve the process. See Petition of Stoll, 309 So.2d 190 (Fla. 1st DCA 1975). Plaintiff’s motion fails to allege disqualification, default or inability on the part of the sheriff or deputy sheriffs of Dade County and further contains no allegation as to the competence or disinterest of Janet Pimley.
Rule 6 (general jurisdiction division) of the Local Rules of Practice for the circuit court of the 11th Judicial Circuit provides in pertinent part:
“RULE 6
“ORDERS FOR APPOINTMENT OF COURT OFFICERS
* * * * * *
“When an attorney requests the appointment of a process server, he shall submit a motion, under oath, stating his reasons with particularity, why he cannot use the Civil Division of the Sheriff’s Department, together with an order as described in the above paragraphs.”
Plaintiff’s motion was not made under oath, nor did it state why the civil division of the sheriff’s department could not be used.
Reversed.