354 So.2d 1252 (1978)
DOWD SHIPPING, INC., a Foreign Corporation, Appellant,
v.
Bud LEE and Elizabeth Lee, His Wife, Appellees.
No. 77-1839.
District Court of Appeal of Florida, Fourth District.
February 7, 1978.
Jonathan D. Commander, Palm Beach, for appellant.
David Roth, of Cone, Owen, Wagner, Nugent, Johnson & McKeown, P.A., West Palm Beach, for appellees.
DOWNEY, Judge.
A deputy sheriff went to 4 El Bravo Way in Palm Beach to effect service of original process upon the appellees, Bud Lee and Elizabeth Lee, his wife, in a suit brought by appellant seeking an injunction and the recovery of damages for nonpayment of rent and ad valorem taxes.
The sheriff approached the residence located at the designated address but was unable to gain access to the house because an outer gate was locked. The deputy called on the house telephone and appellee, Elizabeth Lee, answered and identified herself. The deputy identified himself and advised Mrs. Lee he had copies of a Notice of Removal of Tenant and Summons for her and her husband. Mrs. Lee responded that her husband was out of town and refused to accept service. The deputy then advised Mrs. Lee that he considered her served and would leave all copies of the papers attached to the gate.
Appellees moved to dismiss the complaint for insufficiency of service of process and the trial court dismissed the cause as to the appellee, Bud Lee. However, in its order the trial court specifically stated that it did not determine whether the residence in question was the "place of abode of both defendants".
It is our opinion that if this residence in question was the usual place of abode of Mr. Lee and if Mrs. Lee was over the age of fifteen years, the substituted service of process on Mr. Lee was valid. Although the sheriff improperly described the relief sought in the complaint he advised Mrs. Lee of his authority and purpose and told her *1253 the contents of the papers he wished to deliver, i.e., the summons and complaint. Had Mrs. Lee come to the door and accepted the papers surely she could not have attacked the service. Nor could Mr. Lee have attacked the substituted service on him if this was his usual place of abode and his wife was over fifteen years old. The purpose of service of process was accomplished here. Haney v. Olin Corporation, 245 So.2d 671 (Fla. 4th DCA 1971).[1] The defect noted in the substituted service in the "Haney wife case,"[2] as the trial judge here aptly described it, is not present in this case. Nor do we think Liberman v. Commercial National Bank of Broward County, 256 So.2d 63 (Fla. 4th DCA 1971) controls this case because here the deputy complied with the statutory requirements for service.
In view of the foregoing the order appealed from is reversed and the cause is remanded to the trial court to make a determination whether the residence in question was the usual place of abode of appellee, Bud Lee, and whether Mrs. Lee was over fifteen years of age. If the answer to both questions is affirmative then the trial court is directed to uphold the service of process on appellee, Bud Lee. If the answer to either question is negative then the trial court should enter a new order granting the motion to dismiss as to appellee, Bud Lee.
REVERSED AND REMANDED WITH DIRECTIONS.
CROSS and DAUKSCH, JJ., concur.
NOTES
[1] This case involved Mr. Haney.
[2] Olin Corporation v. Haney, 245 So.2d 669 (Fla. 4th DCA 1971) involved Mrs. Haney.