386 So.2d 894 (1980)
Sandra K. CULLIMORE, Appellant,
v.
BARNETT BANK OF JACKSONVILLE, a Banking Institution, Appellee.
No. TT-484.
District Court of Appeal of Florida, First District.
August 19, 1980.
David R. Lewis of Lewis, Paul, Isaac & Castillo, P.A., Jacksonville, for appellant.
Leo O. Myers, George L. Hudspeth of Mahoney, Hadlow & Adams, Jacksonville, for appellee.
MILLS, Chief Judge.
Barnett Bank of Jacksonville filed a complaint for foreclosure against Sandra K. Cullimore. Process was served by a deputy sheriff who went to Cullimore's apparent residence, identified herself, read the summons and complaint in a loud voice, and then tacked the summons to the door. Cullimore filed a motion to quash service, urging that service was improper pursuant to 48.031, Florida Statutes (1979).
At the hearing on the motion the deputy testified that she had tried to effect service *895 on several occasions and had left cards asking Cullimore to call her, but received no calls. She testified that she talked with neighbors and they verified that Cullimore lived at that home. Cullimore objected to the testimony concerning what the neighbors had said as hearsay.
When she went to the home on the day in question to make service, she called the dispatcher to run a check on the license tag of the car parked in the carport and the dispatcher said that the car was registered in Cullimore's name. Cullimore objected to the content of the dispatcher's communication as hearsay. The deputy further stated that she heard noises inside the home which ceased when she knocked on the door and no one came to the door. She then radioed the dispatcher to telephone Cullimore and testified that the dispatcher radioed back and said that he had called and had talked to Cullimore who identified herself and said she would not answer the door because she was too busy. The deputy testified that the dispatcher said he had informed Cullimore that there was a police officer at the door. This was the third piece of hearsay evidence objected to by Cullimore.
Having received that communication from the dispatcher, the deputy went back to the door and delivered the summons in the manner noted above. The deputy stated that she was satisfied in her own mind that Cullimore was at home.
Before discussing the law applicable to the above facts, we note that counsel have not favored the court with a statement of the issues presented for review, Rule 9.210(b), Fla.R.App.P.; but we glean from the arguments in the briefs that they are: (1) should the hearsay testimony have been excluded, and (2) if it should have been excluded, was the admissible testimony sufficient evidence to support the trial court's determination that process was properly served?
Appellee Barnett Bank contends that there are two exceptions to the hearsay rule that are applicable. The first is that a statement is not hearsay if it is a statement of identification of a person made after perceiving him. Section 90.801(2)(c), Florida Statutes (1979). The second is that a report made during the course of a regularly conducted business activity is admissible. Sections 90.803(6) and 90.803(8), Florida Statutes (1979).
The statement of identification exception is inapplicable because the direct evidence here establishes that the deputy never saw or spoke to Cullimore and that exception requires that the declarant testify at the trial or hearing. Only the dispatcher is alleged to have talked with Cullimore for purposes of identification and he did not testify.
The business records exception is likewise inapplicable because there were no records or reports offered into evidence; there was only testimony concerning communications made between the dispatcher and the deputy. Accordingly, we conclude that the hearsay testimony should have been excluded.
Turning to the issue of the sufficiency of admissible evidence, we point out that Section 48.031, Florida Statutes (1979), requires that original process be served on the party personally or by leaving copies of the complaint "at his usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents."
In Haney v. Olin Corporation, 245 So.2d 671 (Fla. 4th DCA 1971), service was found to be proper where the sheriff saw the defendant before the defendant fled to his house and slammed the door. There, the sheriff went up to the house, knocked on the door, rang the doorbell, identified himself in a loud voice, announced his purpose, and then read the summons and complaint aloud and left a copy on the front steps. Here, there was no initial identification of Cullimore.
The deputy did testify that she heard noises inside the house, but there is no evidence that she knew those noises were made by a person, let alone that they were made by a person 15 years of age or older.
*896 The facts in Dowd Shipping, Inc. v. Lee, 354 So.2d 1252 (Fla. 4th DCA 1978), are similar to those here, but distinguishable. There, after the sheriff could not get a response at the designated house, he personally telephoned and established that the defendant was present in that house before returning to read the summons in a loud voice and tacking it to the door. Unfortunately, the facts in this case are that the deputy had the dispatcher place the call and report back.
Once the content of what the dispatcher reported is excluded as hearsay, all that is left in evidence is that a call was made. This is, of course, insufficient evidence of the facts that are required to be established under the statute.
REVERSED and REMANDED.
McCORD and WENTWORTH, JJ., concur.