DANIEL S. PEARSON, Judge,
concurring.
I agree that if Section 48.021(2), Florida Statutes (1981), is read as prescribing the exclusive means by which service of process is made, then the Rule, which allows for service to be made either by an officer authorized by law or by any competent *198 disinterested person appointed by the court, controls. The choice is within the discretion of the court, unless the sheriff is disqualified, in which case the court, of necessity, must appoint a process server. It is true that the decision in Exchange Bank of Chicago v. Rotocast Plastic Products, Inc., 352 So.2d 145, turned on a since-abrogated local rule of practice (requiring an attorney under oath to give particular reasons why the sheriff could not be used) and is thus distinguishable. However, other language in the case, to-wit: “[t]he courts have the inherent power to appoint a process server upon default or disqualification of the sheriff or other officers so authorized” (id. at 166) (emphasis supplied), suggests, at least, that Florida Rule of Civil Procedure 1.070(b) is operative only when the sheriff is inoperative. That is clearly not the case, and I think we should recede from this dictum in Exchange Bank.
In sum, I would hold that process may be served either by a statutorily-authorized officer or court-authorized person as the court sees fit. If the process server used is an officer authorized by law, then the process server must be qualified pursuant to the requirements of the statute. If the court appoints a process server, then the process server need only meet the requirements of the Rule.