439 So.2d 1046 (1983)
Peter F.K. BARABAN, Appellant,
v.
Irving SUSSMAN, Trustee, et al., Appellees.
No. 83-1134.
District Court of Appeal of Florida, Fourth District.
November 2, 1983.
Dale F. Webner of Williams, Salomon, Kanner, Damian, Weissler & Brooks, Miami, for appellant.
Barry N. Greenberg of Robinson & Greenberg, P.A., Miami, for appellee-Sussman.
WALDEN, Judge.
This is an appeal from an order denying the defendant's motion to dismiss for insufficient service of process.
The Sheriff being unable to serve Defendant, Baraban, the Plaintiff applied to the trial court for appointment of a private process server under the provisions of Fla. R.Civ.P. 1.070(b). The trial court appointed James A. Morton. Thereafter, service was made by Dane Obradavich, an employee of James A. Morton.
Defendant, Baraban, filed a motion to dismiss the complaint on several grounds. One ground was the insufficiency of service *1047 of process because, among other things, "the purported process server was not properly appointed."
We have two things to say.

FIRST
Florida Rule of Civil Procedure 1.070(b) provides, "Service of process may be made by an officer authorized by law to serve process but the court may appoint any competent person not interested in the action to serve the process." (Emphasis supplied). As seen, there are two criteria to be met in appointing a private process server, the person must be competent and disinterested in the action. Presumptively the trial court made such determination in appointing James A. Morton. However, no such determination was made with reference to Dane Obradavich as she was not appointed. We do not know if that person is competent or interested in the action. Further, we can in nowise interpret the appointment of Morton to mean and to include Morton's employees, agents or designees as alternate private process servers.
It is necessary to follow the provisions of the mentioned Rule in order to effectively obtain the appointment of an elisor (process server). See Petition of Stoll, 309 So.2d 190 (Fla. 1st DCA 1975) and Exchange National Bank of Chicago v. Rotocast Plastic Products, Inc., 352 So.2d 145 (Fla. 3d DCA 1977). Moreover, strict compliance with service of process procedures is required. Electro Engineering Products Co., Inc. v. Lewis, 352 So.2d 862 (Fla. 1977).
We hold that service of process upon Defendant, Baraban, made by Dane Obradovich was a nullity and that same should be quashed.

SECOND
Without laboring the matter we feel that the classic and preferable manner of presenting a defense of insufficiency of service of process under Florida Rule of Civil Procedure 1.140(b)(5) is by a motion to quash such allegedly insufficient service of process rather than by a motion to dismiss the complaint. However, in Lendsay v. Cotton, 123 So.2d 745 (Fla. 3d DCA 1960) it was held that a motion to dismiss, as well as a motion to quash, is appropriate to question the trial court's jurisdiction based on insufficiency of service of process. We agree, remembering that the rules shall be construed to secure the just, speedy and inexpensive determination of every action. Fla.R.Civ.P. 1.010. Here, the content of the motion to dismiss was explicit in its attack on the process and it cannot be said that plaintiffs have been in anyway prejudiced by the fact that movant asked for dismissal of the complaint rather than for service of process to be quashed. Of course, insufficient service merits only a nullification and not the dismissal of the complaint.
Thus we reverse and remand with instructions to quash the service of process made by Dane Obradavich upon Defendant, Baraban.
Reversed and remanded.
GLICKSTEIN and HURLEY, JJ., concur.