## VARN v VARN

Case No. N-85-5181-S

County Court, Palm Beach County

August 27, 1985

### APPEARANCES OF COUNSEL

**Donald C. Varn,** pro se.
**Linda Treiman** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

### *ORDER SETTING ASIDE FINAL JUDGMENT AND QUASHING SERVICE OF PROCESS*

The issue here presented is whether there was sufficient delivery to Defendant of copies of the original process and statement of claim so as to constitute valid service pursuant to § 48.031(1), Florida Statutes (1984 Supp.).

### *FINDINGS OF FACT*

Plaintiff sent directions to the Hernando County Sheriff's Office to serve Defendant at an address in Brooksville, Florida, Defendant's

place of abode. After receiving the summons and statement of claim on May 14, 1985, Deputy Wood went to Defendant's home numerous times during the day and at night. On some of these trips, the deputy observed various signs of life about the house—vehicles in the driveway registered to Defendant and other members of her family, lights on in the house, and the sound of a TV or radio and movement from within the house. No one ever responded to the deputy's knocks. On the morning of May 24, 1985, Deputy Wood saw Defendant's car parked in the driveway. He noticed lights on in the house. The deputy had his dispatcher telephone the residence. An unidentified female answered the phone. The dispatcher told the female that Deputy Wood was outside the residence and that he needed to talk with her. The female said she would come to the door and speak with the deputy. Deputy Wood went to the front door and rang the doorbell. No one answered. After trying for five minutes, the deputy identified himself in a loud voice and said he had a summons to serve on Defendant. Deputy Wood then posted copies of the summons and statement of claim on the front door.

## CONCLUSIONS OF LAW

The service of process in this case was ineffective since it failed to comply with § 48.031(1), Florida Statutes (1984 Supp.).

Where personal delivery of process is not obtained, substituted service may be effected by leaving a copy of both the process and initial pleading at a defendant's "usual place of abode." The papers must be left with a person who is at lest 15 years old and who resides in the "abode." § 48.031(1), Fla. Stat. (1984 Supp.). Statutes governing substituted service of process must be strictly followed. *E.g., Gamboa v. Jones*, 455 So.2d 613, 614 (Fla. 3d DCA 1984). In this case, the deputy merely tacked the service papers on the front door. The female who answered the phone was never identified. Neither the deputy nor the dispatcher determined whether the female was the defendant, or a resident of the home or 15 years old. Under these circumstances, Plaintiff has failed to demonstrate substituted service in compliance with § 48.031(1). *Herskowitz v. Schwarz & Schiffrin*, 411 So.2d 1359 (Fla. 3d DCA 1982); *Cullimore v. Barnett Bank of Jacksonville*, 386 So.2d 894 (Fla. 1st DCA 1980).

A line of Florida cases does authorize service short of personal delivery when a person attempts to avoid the process server. *Haney v. Olin Corporation*, 245 So.2d 671 (Fla. 4th DCA 1971); *Liberman v. Commercial National Bank of Broward County*, 256 So.2d 63 (Fla. 4th DCA 1971); *Dowd Shipping, Inc. v. Lee*, 354 So.2d 1252 (Fla. 4th

**59**

DCA 1978). However, in each of these cases, the person to be served was identified as being in a house at the time the deputy left the suit papers outside. In the case at bar, there is no evidence that the female avoiding the deputy was appropriate for service under § 48.031(1). Without such identification of the female, the underlying purpose of § 48.031—to *ensure* that a defendant is aware of a suit against him—was not fulfilled. Proper service of process is a jurisdictional prerequisite to the maintenance of a lawsuit. A defendant's subsequent knowledge of a lawsuit does not cure service that was originally deficient. *See, e.g., Cullimore v. Barnett Bank of Jacksonville, supra.*

Service in this case was insufficient to establish personal jurisdiction over Defendant. Therefore, Defendant was not required to demonstrate a meritorious defense to set aside the Final Judgment. *Gamboa v. Jones*, 455 So.2d at 614. Service of process will be quashed and Plaintiff may attempt to gain proper service on Defendant. *See, Baraban v. Sussman*, 439 So.2d 1046, 1047 (Fla. 4th DCA 1983). It is

ORDERED AND ADJUDGED that Defendant's Motion to Set Aside Default and Final Judgment is granted and that service of process effected in this case is quashed.