## BELLEGUE v FIG TREE CORPORATION d/b/a FISHERMAN'S WHARF

Case No. 87-171-SP-12-C

County Court, Volusia County

February 6, 1987

### APPEARANCES OF COUNSEL

**John Bellegue,** pro se.

**Sami Osta,** pro se.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

IT APPEARING to the Court that the Sheriff's return to service of

process indicates that the defendant was served with a Statement of Claim in the following manner:

"Mr. Osta refused to answer the door, papers dropped on door sill, I could see him through the door."

Section 48.031 Florida Statutes requires the process server, among other requirements to "inform the person (to be served) of their contents."

From the face of the return in this case there is no indication that the process server informed the defendant of the contents of the Statement of Claim nor is it clear whether the process server knew that the person he saw through the door was in fact Mr. Osta, the defendant.

The real purpose of the service of summons is to give proper notice to the defendant in the case that he is answerable to the claim of plaintiff. The major purpose of the constitutional provision which guarantees due process is to make certain that when a person is sued he has notice of the suit and an opportunity to defend.

There must be some minimum exchange of communication between the defendant and the process server.

The fact in this case are distinguishable from those in *Haney v. Olin Corporation*, 245 So.2d 671 and *Liberman v. COmmercial National Bank of Broward County*, 256 So.2d 63 and went beyond the outer limits of a valid service of process.

Further, it appearing that the defendant is a corporation and the return of service of process indicates that service was made on an individual rather than upon an officer, director or agent of said corporation or of the defendant corporation, said return is also insufficient as a matter of law, it is therefore

ORDERED AND ADJUDGED that the service of process, be and the same is, hereby quashed.

DONE, ORDERED AND ADJUDGED in Chambers at the County Courthouse Annex, 125 E. Orange Avenue, Daytona Beach, Volusia County, Florida this 6th day of February, 1987.