DOWNEY, Judge,
dissenting.
It appears to me that the service of process under the Florida Long Arm Statute is defective. Strict compliance with statutory and rule requirements regarding service of process is required, and that standard is not met here. It is my understanding that Platt attempted to effect service of process on Wadkin in Leicester, England, the location of its home office, pursuant to the Florida Long Arm Statute, section 48.194 (1987). After several unsuccessful attempts at service, Platt prepared the papers and documents required by the Hague Convention for Service of Process Abroad of Judicial or Extrajudicial Documents, and chapter 48 of the Florida Statutes, all of which were forwarded to the law firm Bray and Bray in Leicester, England, where service was attempted upon Wadkin. Thereafter, a “Notice of Filing” certain documents was filed with the trial court on March 10, 1988, including the affidavit of Mark Bishop, as evidence of service on Wadkin. Wadkin filed a motion to quash the service of process, which was denied, and this appeal ensued. There were a number of arguments made by Wadkin to support quashal of the process; however, none of them is sufficient to support the motion except the one discussed hereafter.
The papers to be served were sent to a law firm in Leicester, England, as previously noted. They were then delivered to Mark Bishop, a law clerk working for the firm, who attempted to serve them upon the defendant, Wadkin Limited. The affidavit of service[1] prepared by Bishop stated, in brief, that he was an “Articled Clerk” in the firm’s employ; that he went to the Wadkin Limited premises in Leicester and “saw” the Chief Executive, who informed him that this matter was being dealt with by an Associate Company, Thomas Robinson PLC, and that the documents should be delivered to Robinson and marked for the attention of a Mr. Mark Henson. The affidavit then goes on to state that Bishop mailed the documents to Robinson by first class mail; that they had not been returned by the post office and, thus, it was Bishop’s opinion they were received by Robinson.
I believe this service of process was defective because there is no showing that Mark Bishop, the process- server, was authorized by law to act as a process server. We know that “strict compliance with service of process procedures is required in order to insure that a defendant receives sufficient notice of the legal action brought against him in this state.” Electro Engineering Products Co. v. Lewis, 352 So.2d 862, 865 (Fla.1977). Florida Rule of Civil Procedure 1.070(b) provides that service of process may be made by an officer authorized by law to serve process or by a com *316 petent person appointed by the court who is not interested in the event of the cause. Section 48.194 provides that service of process outside the State of Florida shall be made in the same manner as service within the state by an officer authorized to serve process in the state where the person is served. Strict compliance with the service procedures was held required by this court in Baraban v. Sussman, 439 So.2d 1046 (Fla. 4th DCA 1983). See also Space Coast Credit Union v. The First, F.A., 467 So.2d 737 (Fla. 5th DCA 1985). For aught we know Bishop is not authorized to serve process in England. We are advised by appellee’s brief that “[s]ince the affiant (Bishop) also states that he is an ‘articled clerk’ it is known that he is serving as an apprentice in the law firm of Bray and Bray before he can become a Barrister and is an officer of the Court.” Since only authorized persons can serve process, the burden of proof is upon the plaintiff to make a prima facie case of valid service before the burden shifts to the defendant attacking the alleged service. Platt’s papers fail to carry that burden and thus in my judgment the trial court erred in denying Wadkin’s motion to quash.
Accordingly, I am unable to agree with the majority opinion.

.The Affidavit of Service stated:
I, MARK BISHOP, an Articled Clerk in the employ of Messrs. Bray and Bray, Solicitors of 1, 3 & 5 Welford Road, Leicester, England MAKE OATH AND SAY AS FOLLOWS:
1. That I did on the 18th February 1988 at 11 a.m. go to the premises of Messrs. Wakin [sic] Limited of Green Lane Road, in the City of Leicester one of the above-named Defendants where I saw the Chief Executive who duly informed me that this matter was being dealt with by an Associate Company namely Thomas Robinson PLC and that the documents should be marked for the attention of a Mr. Mark Henson.
2. That I did serve the said Thomas Robinson PLC with a true copy of the Complaint Fla Bar No. 273708 and ALIAS SUMMONS by post the same on 23 day the February day of 1988 by ordinary post First Class mail in an envelope duly pre-paid and properly addressed to the said Thomas Robinson PLC at 14 Vernon Street, Derby, England.
3. The said letter or envelope has not been returned by the Post Office through the Dead Letter Service.
4. In the Opinion of the Plaintiffs agent, the said Complaint and Alias Summons so posted, will have come to the knowledge of the Defendant and its agents within 7 days after the said date of posting thereof.