## State of Vermont v. Ronald Veach

[599 A.2d 1374]

No. 90-568

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed October 25, 1991

*Matthew E.C. Pifer*, Bennington County Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*David A. Howard,* Bennington County Public Defender, Bennington, for Defendant-Appellant.

## Entry Order

Defendant appeals from a conviction, after a jury trial, of careless and negligent operation (23 V.S.A. § 1091(a)) and leaving the scene of an accident (23 V.S.A. § 1128). We affirm.

The central issue on appeal is the identity of defendant. The accident occurred at night, and the driver of the other car was "blindsided" and could not identify the driver. There were several occupants in the suspect vehicle, and the State relies on the testimony of an eyewitness who was at the gas station where the events occurred and who identified defendant as someone she "recognized as seeing him before, but not knowing his name." Asked about the lighting conditions, the witness stated that "[t]here was [sic] a lot of lights over the pumps." The witness was familiar with the usual parking place of the suspect vehicle and later went to that spot and obtained a license plate number, which she related to the accident victim and to a police officer.

The police officer testified that he ran a license check of Department of Motor Vehicle records on the vehicle, but defendant raised hearsay objections to his testimony about ownership of the car according to the records. The trial court overruled the hearsay objection, and the officer testified that defendant was a co-owner of the suspect car. Following a guilty verdict on both charges, defendant filed post-trial motions based on the court's hearsay ruling. The motions were denied, and the present appeal followed.

■ We agree with defendant that the officer's testimony about relating the information he obtained from Department of Motor Vehicle records was hearsay as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." V.R.E. 801(c). The State was able to demonstrate that defendant was a co-owner of the car, which fact was relevant to the issue of operation of the vehicle, though clearly not conclusive. The trial court erred in concluding that the testimony was admissible as a public record or report under V.R.E. 803(6), as there was no attempt to comply with the authentication re-

quirements for such admission. See *Cullimore v. Barnett Bank of Jacksonville*, 386 So. 2d 894, 895 (Fla. Dist. Ct. App. 1980) (business records exception for license tag check through police dispatcher inapplicable because no records or reports offered into evidence).

■ However, the error was not significant. Defendant was identified by an eyewitness who knew the area where defendant lived and had "seen the car around that area quite a bit." She had also seen defendant "five or six" times and was familiar with his identity. She testified that she had an opportunity to see the driver of the car when it passed her at the accident scene and that there was adequate lighting to do so. The eyewitness located the suspect car after the accident without aid of state records. She made a positive in-court identification which did not depend in any way on establishing his ownership of the vehicle, which she identified as having two neon colored bumper stickers bearing religious inscriptions. And other evidence further cemented the identity of the suspect car by relating the damage to the victim's car to corresponding damage to the suspect car.

Defendant's effort at trial was solely directed at attempting to shake the eyewitness' credibility and reliability. At no point did either the State or defendant raise the question of who had title to the car. In its summation, the State argued that "[t]he State would submit that [the Motor Vehicle records evidence] is good corroborating evidence as to which car was involved, the defendant's car."

■ It is clear that the jury would have returned a verdict of guilty, regardless of the error by the trial court in admitting the officer's testimony about the motor vehicle records. See V.R.E. 103(a) (erroneous evidentiary ruling that does not affect substantial right of a party is harmless error); V.R.Cr.P. 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."); *State v. Hunt*, 150 Vt. 483, 494, 555 A.2d 369, 376 (1988) (admission of gun into evidence, even if error, was harmless, as confession included references to and detailed descriptions of gun).

*Affirmed.*

**Dooley, J.,** dissenting. Over objection, the State in this case had a police officer testify that motor vehicle records showed that the hit-and-run vehicle was co-owned by defendant. The officer went on to testify that the other owner, whom he named, looks nothing like defendant. Following the State's case, defendant made a motion to acquit, stating that the State failed to prove the identity of the hit-and-run driver. The court denied the motion but commented "On the matter of identity, the evidence is thin."

As the majority notes, the prosecutor argued that the DMV report that defendant owned the vehicle was "good corroborating evidence" of identification. Defendant's argument was that the eyewitness's identification was unreliable because of major differences between her testimony and her original report to the police. Once the eyewitness testimony is discounted, he argued, "it is not enough that his name is on some registration with someone else."

Defendant raised the evidence issue again in his new trial motion. The court denied it because it found the evidence to be admissible.

The trial judge and the prosecutor were present at this trial; we were not. The prosecutor put in the evidence over objection and argued from it. The trial judge found that even with the DMV evidence the identification evidence was thin. It is a misuse of the harmless error doctrine for this Court to come around using 20/20 hindsight from a cold, appellate record and say no "substantial right" of defendant is affected. Only by substituting this Court for the jury can you reach the result of the majority in this case.

I am authorized to state that Justice Johnson joins in this dissent.