598 So.2d 220 (1992)
Leo HENZEL, Appellant,
v.
Isabella NOEL, etc., Appellee.
No. 91-1509.
District Court of Appeal of Florida, Fifth District.
May 8, 1992.
*221 James H. Lesar, Washington, D.C., for appellant.
Eric C. Barkett of Williams, Smith & Summers, P.A., Tavares, for appellee.
COBB, Judge.
Leo Henzel appeals from a non-final order denying his motion to dismiss or quash service of process. We find that Henzel was not properly served and reverse.
Isabella Noel filed suit against Henzel, a resident of New York, alleging that he owed her money on seventeen promissory notes. After several summonses had been returned unserved, a pluries summons was issued on March 2, 1990. After attempting service two times, the server placed a copy of the summons and complaint under Henzel's door and later mailed a copy of the documents to the residence. The trial court denied Henzel's motion to quash service of process.
Section 48.031(1), Florida Statutes (1991) provides:
Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint ... or by leaving the copies at his usual place of abode with any person residing therein who is fifteen years of age or older and informing the person of their contents.
Service of process on persons outside the State of Florida is made in the same manner. § 48.194, Fla. Stat. (1991). These statutes are to be strictly construed to insure that the defendant is given notice of the proceedings. Electro Engineering Products Co., Inc. v. Lewis, 352 So.2d 862 (Fla. 1977). The burden of proof to sustain the validity of service of process is on the party seeking to invoke the jurisdiction of the court. Carlini v. State Department of Legal Affairs, 521 So.2d 254 (Fla. 4th DCA 1988).
The parties agree that the summons and complaint were neither delivered to Henzel personally nor left at his home with another resident. However, Noel argues that since Henzel had deliberately attempted to avoid service of process, leaving the summons and complaint at Henzel's abode satisfied section 48.031. Noel relies, inter alia, on Haney v. Olin Corp., 245 So.2d 671 (Fla. 4th DCA 1971) and Olin Corp. v. Haney, 245 So.2d 669 (Fla. 4th DCA 1971).
The Haney cases involved service of process on a husband and wife, Russell and Wava Haney. The deputy sheriff, parked in a car on the street in front of the Haney residence, observed Mrs. Haney and another woman leave the house and walk towards the street. Mr. Haney remained standing in the front doorway. The deputy sheriff approached the women and identified himself. Mrs. Haney immediately turned and ran into the house yelling, "No! No!" The deputy followed her, but the front door closed in his face before he could reach the Haneys. He knocked on the door, rang the doorbell, identified himself, *222 and stated that he had copies of a summons and complaint to be served on Mr. and Mrs. Haney. When no one would answer the door, he read the summons in a loud voice and announced that he was leaving a copy of the summons and complaint on the doorstep for Mr. Haney and another copy with Mr. Haney as service on his wife. The Fourth District held that this was sufficient service of process for both Mr. and Mrs. Haney. With respect to Mr. Haney, it found that an officer's reasonable attempt to effect personal service of process upon a person at his home, when the person reasonably should have known the officer's identity and purpose, cannot be frustrated by the person closing the front door in the officer's face and willfully refusing to accept service. With respect to Mrs. Haney, it found that when the person to be served flees in a deliberate attempt to avoid service, the statutory delivery requirement may be satisfied if the process server leaves the papers at a place from which the person may easily retrieve them and takes reasonable steps to call such delivery to the attention of the person to be served.
In Liberman v. Commercial National Bank of Broward County, 256 So.2d 63 (Fla. 4th DCA 1971), Liberman ran into his house and closed the door after seeing the process server, a deputy sheriff. The deputy left the copy of process and suit papers in Liberman's mailbox, drove around the block and parked down the street. He observed Liberman come out of the house and retrieve the papers from the mailbox. The Fourth District held that personal service on Liberman was perfected, but that "this approach is the outer limits."
Dowd Shipping, Inc. v. Lee, 354 So.2d 1252 (Fla. 4th DCA 1978), involved service of process by a deputy sheriff on husband and wife, Bud and Elizabeth Lee. A gate surrounding the residence was locked and the deputy could not gain access. He called the house and Elizabeth Lee answered, identifying herself. The deputy identified himself and told Mrs. Lee that he had copies of a notice and summons for her and her husband. She replied that her husband was out of town and refused to accept service. The deputy told her to consider herself served and that he would leave copies of the papers attached to the gate. The Lees did not dispute service on Mrs. Lee, but did argue that service on Mr. Lee was insufficient. The appellate court reversed and remanded, holding that if the residence in question was the usual place of abode of Mr. Lee and if Mrs. Lee was over the age of fifteen, then substitute service of process on Mr. Lee was valid.
It is clear that service of process on Henzel did not meet the requirements of section 48.031 because the papers were not given to Henzel himself or anyone fifteen years or older who resided with Henzel. Moreover, there was absolutely no evidence that Henzel or anyone else was present in the residence when the papers were placed under the door. In all the cases relied on by Noel, there was affirmative evidence that someone was present inside the residence at the time the process papers were delivered: the process server saw Mr. and Mrs. Haney and Mr. Liberman, and Mrs. Lee identified herself to the server on the phone. The facts of this appeal are closer to those in Cullimore v. Barnett Bank of Jacksonville, 386 So.2d 894 (Fla. 1st DCA 1980). In that case, the deputy process server tried to effect service several times, but was not successful. When she returned again, she heard noises inside the house which ceased when she knocked on the door. After no one answered the door, she radioed the dispatcher to telephone Cullimore and later testified that the dispatcher said that he had talked to Cullimore who identified herself and said she would not answer the door because she was too busy. The deputy then identified herself, read the summons and complaint in a loud voice and attached the papers to the door. The appellate court excluded testimony regarding statements of the dispatcher as hearsay. Consequently, there was no initial identification of Cullimore. The deputy merely heard noises inside the house, but there was no evidence that she knew those noises were made by a person. In the instant appeal, the evidence is slimmer. The process server did not even hear noises inside the residence when the papers were *223 placed under the door. There is no evidence that anyone was inside the apartment. Service of process was insufficient under section 48.031.
REVERSED AND REMANDED.
HARRIS and PETERSON, JJ., concur.