710 So.2d 707 (1998)
Donald SCHUPAK, Appellant,
v.
SUTTON HILL ASSOCIATES and Jesson, Inc., etc., et al., Appellees.
No. 97-3155.
District Court of Appeal of Florida, Fourth District.
May 6, 1998.
*708 Lorie M. Gleim and Mark F. Bideau of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., West Palm Beach, for Appellant.
Brooks C. Miller of Brooks C. Miller, P.A., Miami, for Appellee Sutton Hill Associates.
OWEN, WILLIAM C., Jr., Senior Judge.
The primary and dispositive issue in this case is the sufficiency of service of process on appellant against whom appellee Sutton Hill Associates (Sutton) had obtained a judgment. Because we find the service of process was improper (and thus the court did not acquire personal jurisdiction over appellant) we reverse the order denying the motions to vacate the judgment and to quash service of process.
Sutton sued appellant in the capacity of last director and trustee of Jesson, Inc., a dissolved corporation. Service of process on appellant was attempted pursuant to section 48.031(1), Florida Statutes (1993), which provided: "service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint ... or by leaving the copies at his usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." The process server went to appellant's apartment building in New York City and asked the doorman to call the appellant's residence; the doorman did so and spoke to the maid (whom the process server thought resided in the apartment); the maid supposedly, in response, told the doorman that the process server was not permitted to come up to the apartment. The process server then left the summons and complaint with the doorman. Appellant, who testified that the maid did not reside in the apartment and that he did not receive the summons and complaint, never served a responsive pleading. In due course a clerk's default, and later a final judgment thereon, was entered against appellant, albeit in his individual capacity. Still later appellant served his motions to vacate the judgment and to quash the service of process on him. This appeal is from the order denying those motions.
Strict compliance with the statutes governing service of process is required. See, e.g., Sierra Holding, Inc. v. Inn Keepers Supply Co., 464 So.2d 652 (Fla. 4th DCA 1985); Baraban v. Sussman, 439 So.2d 1046 (Fla. 4th DCA 1983). Where the court's in personam jurisdiction is dependent upon service of process, the court lacks jurisdiction when the service is insufficient. See Cohen v. Drucker, 677 So.2d 953 (Fla. 4th DCA 1996); Moschetta v. Atlantic Nat'l Bank of Broward, 540 So.2d 166 (Fla. 4th DCA 1989).
In the instant case, there is no dispute that appellant was not personally served with the summons and complaint, nor was the summons and complaint left at his usual place of abode with any person residing therein who was 15 years of age or older and informing the person of their contents. Instead, the papers were left with an employee of the building in which appellant has an apartment. When, as here, there is no evidence that someone inside the house qualifies as a recipient under section 48.031(1), leaving process at the door is insufficient service, see Henzel v. Noel, 598 So.2d 220 (Fla. 5th DCA *709 1992). A fortiori, leaving process with an apartment doorman in the apartment lobby is insufficient service. See also Cullimore v. Barnett Bank of Jacksonville, 386 So.2d 894 (Fla. 1st DCA 1980).
Sutton cites Dowd Shipping, Inc. v. Lee, 354 So.2d 1252 (Fla. 4th DCA 1978); Liberman v. Commercial Nat'l Bank of Broward County, 256 So.2d 63 (Fla. 4th DCA 1971); and Olin Corp. v. Haney, 245 So.2d 669 (Fla. 4th DCA 1971), as authority for the proposition that there are recognized exceptions to the statutory service requirements where a defendant attempts to evade service of process. The cited cases are readily distinguishable in two important aspects. First, in each of the cited cases the process server identified the person to be served and had affirmative evidence that someone eligible for service under section 48.031(1) was present inside the residence at the time the papers were delivered. Second, in each of those cases the person to be served was actively attempting to frustrate or prevent the service of process. Here, there was no evidence to show that appellant or anyone eligible to accept service on his behalf was present inside the apartment at the time the process server was there, nor to show that appellant attempted to frustrate service of process in any manner beyond residing in a doormanstaffed apartment.
Sutton, which had the burden to sustain the validity of service of process, see Carlini v. State Dep't of Legal Affairs, 521 So.2d 254 (Fla. 4th DCA 1988), failed to carry that burden.
Our decision relates solely to the process sought to be served on appellant on November 16, 1993, as described above, and the default and final judgment entered against appellant as a result of his failure to respond to that process. Whether appellant is subject to the court's jurisdiction as a trustee of the dissolved corporation by virtue of uncontested service of process on Barry Florescue, another last known director and trustee of Jesson, Inc., and (assuming he is) whether Mr. Florescue's timely responsive pleading as such trustee would suffice as appellant's responsive pleading, or whether it was proper for Sutton to amend its complaint without having served such amended complaint on appellant, are issues which we need not and do not decide.
REVERSED.
STONE, C.J., and POLEN, J., concur.