PER CURIAM.
Appellant, David T. Smith, appeals a trial court order which denied his motion to dismiss for insufficient service of process. We find that service of process was improper, and therefore, reverse the trial court order denying the motion to dismiss.
In this case, Appellee, Federal Deposit Insurance Corporation, sued multiple defendants including Appellant David T. Smith. Appellee attempted service on Smith at his apartment building in New York. The doorman for the apartment building confirmed that Appellant resided there, but he denied the process server access to his apartment. Instead, he told the process server that he would see Appellant that evening, and he took the summons and complaint to give to Appellant.
Appellee moved for default, and Appellant moved to dismiss for insufficient service of process. After a hearing on both motions, the trial court entered an order denying Appellant’s motion to dismiss, leading to this appeal.
Service of process was not made in strict compliance with sections 48.194 and 48.031(1)(a), Florida Statutes (1997), as is required. See Sierra Holding, Inc. v. Inn Keepers Supply Co., 464 So.2d 652 (Fla. 4th DCA 1985). Recently, this court held that service on a resident of an apartment by leaving process with the apartment doorman at the lobby is insufficient service. See Schupak v. Sutton Hill Assocs., 710 So.2d 707 (Fla. 4th DCA 1998). We find this case dispositive and reverse based on it and the authorities on which it relied.
REVERSED.
STONE, C.J., and WARNER and GROSS, JJ., concur.