SHAHOOD, J.
In this mortgage foreclosure action, ap-pellee, Greenpoint Mortgage Funding, Inc. (Greenpoint), filed a motion for default on July 21, 200Í asserting that service of process had been perfected on Kenneth R. Grosheim on June 18, 2001 by serving “UNKNOWN TENANTS/OWNERS Mike Connelly” and no responsive pleading had been filed since. A Clerk’s default was entered on July 31, 2001.
Three days later, on August 3, 2001, Grosheim filed a pro se motion to vacate the default and quash the service of process. The basis for the motion was that Greenpoint served process on Michael Connelly, one of Grosheim’s tenants, and Grosheim had not lived at the address for over two years. Grosheim argued, therefore, that service of process had not been perfected against him and the default should be vacated and the service of process quashed. Grosheim filed a supporting affidavit stating that he ownéd the property, but did not live there, and rented it to Mike Connelly. The trial court denied Grosheim’s motion. We reverse and remand. .
Florida policy favors the setting aside of defaults so that controversies may be decided on the merits. See Integrated Transaction Servs., Inc. v. Bahama Sunn-Fun Travel, Inc., 766 So.2d 269, 271 (Fla. 4th DCA 2000)(citing N. Shore Hosp., Inc. v. Barber, 143 So.2d 849, 853 (Fla. 1962)(“[I]f there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits of the case.”)(quoting State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40 (1931))).
Section 48.031(1), Florida Statutes (2001), provides as follows:
*908 (l)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of. age or older and informing the person of their contents....
In Schupak v. Sutton Hill Associates, 710 So.2d 707 (Fla. 4th DCA 1998), the process server asked the doorman at appellant’s apartment building to call appellant’s residence. Id. at 707. Upon calling, the doorman spoke to the maid (whom the process server thought resided in the apartment), and the maid told the doorman that the process server was not permitted to come up to the apartment. Id. The process server then left the summons and complaint with the doorman. ■ Id. .
Interpreting section 48.031, Florida Statutes (1993), this court held,
In the instant case, there is no dispute that appellant was not personally served with the summons' and complaint, nor was the summons and complaint left at his usual place of abode with any person residing therein who was 15 years of age or older and informing the person of their contents. Instead, the' papers were left with an employee of the building in which appellant has an apartment. When, as here, there is no evidence that someone inside the house qualifies as a recipient under section 48.031(1), leaving process at the door is insufficient service, see Henzel v. Noel, 598 So.2d 220 (Fla. 5th DCA 1992). A fortiori, leaving process'with an apartment doorman in the apartment lobby is insufficient service. See also Cullimore v. Barnett Bank of Jacksonville, 386 So.2d 894 (Fla. 1st DCA 1980).
Id. at 708-09. As a result, this court vacated the default against appellant and quashed service of process. Id. at 709.
Similarly, in this case, there was no evidence that Connelly qualified as a recipient under section 48.031(1). Grosheim did not reside at the address, nor was Connelly authorized to accept service on Grosh-eim’s behalf. Service on Connelly in this case was analogous to service on the doorman in Schupak. As such, it was improper and ineffective and the trial court should have granted Grosheim’s motion to vacate the default and quash service of process.
REVERSED AND REMANDED.
GROSS and MAY, JJ., concur.