941 So.2d 1271 (2006)
BOATFLOAT, LLC, a Florida Limited Liability Company, Appellant,
v.
CENTRAL TRANSPORT INTERNATIONAL, INC., a Michigan corporation, Appellee.
No. 4D06-834.
District Court of Appeal of Florida, Fourth District.
November 22, 2006.
Ronnie Adili and Robert A. Sweetapple of Sweetapple, Broeker, Varkas & Sosin, P.A., Boca Raton, for appellant.
*1272 Duane A. Daiker and Ernest J. Marquart of Shumaker, Loop & Kendrick, LLP, Tampa, for appellee.
HAZOURI, J.
BoatFloat, LLC, appeals the trial court's denial of its motion to quash service of process and vacate default judgment. We reverse, holding that the service of process on BoatFloat was legally insufficient.
Appellee, Central Transport International, Inc. (Central Transport), filed a complaint, alleging breach of contract, open account, and account stated, against BoatFloat on July 27, 2005. BoatFloat's registered agent was Daniel Vinnik. Process server Charles Benebe filed an Affidavit of Service with the trial court. The Affidavit of Service stated that on August 11, 2005 at 2:00 p.m., Benebe attached the summons and complaint with exhibits to a conspicuous place outside Vinnik's residence. Specifically, Benebe noted:
8/11/2002 2:00 pm AFTER NUMEROUS ATTEMPTS TO SERVE MR. VINNIK, IT WAS OBVIOUS THE SUBJECT WAS CONCEALING HIMSELF INSIDE THE UNIT TO AVOID SERVICE OF PROCESS IN THIS MATTER. THE SECURITY GUARD OF THE BUILDING CONFIRMED THE SUBJECT LIVES AT THE ADDRESS. ON A FEW OF THE SERVICE ATTEMPTS, THE GUARD CONFIRMED THE SUBJECT WAS UPSTAIRS IN HIS UNIT, BUT THERE WAS STILL NO ANSWER AT THE DOOR. ON TODAY'S DATE, THE SERVER HEARD NOISES IN THE UNIT AND READ THE CONTENTS OF THE CASE OUTLOUD [sic] TO THE SUBJECT INSIDE THE UNIT AND INFORMED THE SUBJECT THE PAPERS WERE BEING POSTED TO THE DOOR.
Central Transport moved for default with the clerk, citing BoatFloat's failure to serve any paper on Central Transport or file any paper in the action. The clerk determined that default was not applicable because of improper service as to BoatFloat, and directed Central Transport to motion the trial court for a default. Central Transport filed a motion for default by the court, which the trial court granted. Subsequently, BoatFloat filed a motion to quash service of process and vacate default judgment, claiming insufficient service of process. BoatFloat attached an affidavit by Vinnik to its motion, in which Vinnik averred that he was not home on August 11, 2005 at 2:00 p.m., because his calendar indicated he was at a customer meeting.
After a hearing, the trial court denied BoatFloat's motion to quash service of process and vacate default judgment.
"[T]he standard of review for an order denying a motion to vacate a default judgment is abuse of discretion." Top Dollar Pawn Too, Inc. v. King, 861 So.2d 1264, 1265 (Fla. 4th DCA 2003) (citing George v. Radcliffe, 753 So.2d 573 (Fla. 4th DCA 2000) (on rehearing)).
The crux of BoatFloat's argument on appeal is that service of process by posting the complaint and summons on the door of Vinnik's address was insufficient. A party may serve process on a limited liability company by serving its registered agent at the agent's street address. See § 608.643(1)(b), Fla. Stat. (2005). Generally, service on the registered agent is accomplished by personal delivery of the process to the registered agent. See § 48.031(1)(a), Florida Statutes (2005). Section 48.031(1)(a) provides:
Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper *1273 or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.
"[S]trict compliance with service of process procedures is required." Baraban v. Sussman, 439 So.2d 1046, 1047 (Fla. 4th DCA 1983) (citing Electro Eng'g Prods. Co. v. Lewis, 352 So.2d 862 (Fla. 1977)). "The burden of proof to sustain the validity of service of process is on the party seeking to invoke the jurisdiction of the court." Henzel v. Noel, 598 So.2d 220, 221 (Fla. 5th DCA 1992) (citing Carlini v. State Dep't of Legal Affairs, 521 So.2d 254 (Fla. 4th DCA 1988)).
However, Central Transport argues in response that a court may find effective service, in the absence of strict compliance, where a defendant seeks to evade service. Central Transport cites three cases for this proposition: Dowd Shipping, Inc. v. Lee, 354 So.2d 1252 (Fla. 4th DCA 1978); Liberman v. Commercial Nat'l Bank of Broward County, 256 So.2d 63 (Fla. 4th DCA 1971); and Olin Corp. v. Haney, 245 So.2d 669 (Fla. 4th DCA 1971).
In Lee, a deputy sheriff went to a residence to effect service on a husband and wife. He was unable to gain access to the house because an outer gate was locked. The deputy called on the house telephone and the wife answered and identified herself. After the deputy explained his purpose, the wife responded that her husband was out of town and she refused to accept service. Then, the deputy told the wife that she was served and that he would leave copies of all papers attached to the gate. Lee, 354 So.2d at 1252. This court concluded that "[t]he purpose of service of process was accomplished. . . ." Id. at 1253 (citing Haney v. Olin Corp., 245 So.2d 671 (Fla. 4th DCA 1971)).
In Liberman, the defendant ran into his house and closed the door upon seeing the process server approach. Frustrated by the defendant's conduct, the process server left a copy of the process and complaint in the mailbox, drove around the block and parked where he could observe the defendant's residence. Then, the process server observed the defendant come out of his home, go to the mailbox, retrieve the papers, and return to his home. Liberman, 256 So.2d at 63-64. This court determined that personal service was perfected on the defendant. Id. at 64.
In Haney, a deputy sheriff got out of his vehicle and identified himself to the defendant wife[1] and a visiting friend, who were proceeding down the walkway of the defendants' home. The defendant wife ran back to the front door, yelling "No, No!" The deputy sheriff went to the front door, which had been closed, identified himself and read the summons in a loud voice. Then, he advised in a loud voice that he was leaving a copy of the complaint and summons for the defendant husband, and that he was leaving a copy of the complaint and summons with the defendant husband, who was apparently also home at the time, as service upon the defendant wife. The next day, when the visiting friend returned to the defendants' home, she found the papers on the front doorstep, and took them inside to the defendant husband. Haney, 245 So.2d at 670. This court concluded that service of process should not have been quashed with respect to the defendant wife, noting:
Under the present facts, however, it is our opinion that the deputy sheriff made a sufficient delivery of the papers to [the *1274 defendant wife] to effect valid service of process by personal delivery. Normally, where service is to be made by personal delivery[,] the papers must be delivered into the hand or onto the person of the one to be served. Where, however, the person to be served flees from the presence of the process server in a deliberate attempt to avoid service of process, the delivery requirement of . . . section 48.031, F.S.A., . . . may be satisfied if the process server leaves the papers at a place from which such person can easily retrieve them and takes reasonable steps to call such delivery to the attention of the person to be served.
Id. at 670-71 (citing Roth v. W.T. Cowan, Inc., 97 F. Supp. 675 (E.D.N.Y. 1951); Haney v. Olin Corp.,[2] 245 So.2d 671 (Fla. 4th DCA 1971)).
As BoatFloat correctly argues, the instant case is distinguishable from Lee, Liberman, and Haney. Here, Benebe testified that the condo security guard did not call Vinnik's residence to see if anyone was present. Benebe never saw Vinnik on the day he delivered the summons and complaint, nor any other days he attempted to serve process. Contrary to Central Transport's claim, the security guard did not confirm that Vinnik was home. Rather, he told Benebe that Vinnik should be home after looking outside the condominium, presumably at the parking lot.
This case is more analogous to Henzel v. Noel, 598 So.2d 220 (Fla. 5th DCA 1992), and Cullimore v. Barnett Bank of Jacksonville, 386 So.2d 894 (Fla. 1st DCA 1980). In Henzel, a process server attempted service twice. Then, he placed a copy of the summons and complaint under the defendant's door and later mailed a copy of the documents to the residence. Henzel, 598 So.2d at 221. As in the instant case, the plaintiff argued that the defendant had deliberately attempted to avoid service of process. In distinguishing Lee, Liberman, and Haney, the court concluded:
It is clear that service of process on [the defendant] did not meet the requirements of section 48.031 because the papers were not given to [the defendant] himself or anyone fifteen years or older who resided with [the defendant]. Moreover, there was absolutely no evidence that [the defendant] or anyone else was present in the residence when the papers were placed under the door. In all the cases relied on by [the plaintiff], there was affirmative evidence that someone was present inside the residence at the time the process papers were delivered: the process server saw Mr. and Mrs. Haney and Mr. Liberman, and Mrs. Lee identified herself to the server on the phone.
Henzel, 598 So.2d at 222; see also Schupak v. Sutton Hill Assocs., 710 So.2d 707, 709 (Fla. 4th DCA 1998) (finding service insufficient where "there was no evidence to show that appellant or anyone eligible to accept service on his behalf was present inside the apartment at the time the process server was there, nor to show that appellant attempted to frustrate service of process in any manner beyond residing in a doorman-staffed apartment").
In Cullimore, a deputy sheriff went to the defendant's residence, identified herself, *1275 read the summons and complaint in a loud voice, and then attached the summons to the door. At a hearing on the motion to quash service of process, the deputy sheriff testified that she tried on several previous occasions to effect service on the defendant, and had left cards asking the defendant to call her, but received no calls. She talked to neighbors and they verified that the defendant lived in that home. The deputy sheriff testified further that she heard noises inside the home which stopped when she knocked on the door. No one came to the door. The deputy sheriff radioed the dispatcher to telephone the defendant. The dispatcher did so and advised the deputy sheriff that the defendant identified herself and said she was too busy to answer the door. Cullimore, 386 So.2d at 894-95. After disregarding the testimony of what the neighbors and dispatcher told the deputy sheriff on hearsay grounds, the court ruled that the evidence was insufficient to establish that original process was properly served. Id. at 895. The court noted that "[t]he deputy did testify that she heard noises inside the house, but there is no evidence that she knew those noises were made by a person,. . . ." Id.
Central Transport did not meet its burden of proof to sustain the validity of service of process. Unlike Lee, Liberman, and Haney, there is no affirmative evidence to show that someone was present inside Vinnik's residence at the time Benebe delivered the process papers, or that Vinnik was trying to evade service of process. Benebe testified that he never saw Vinnik when he went to his condo. There was no testimony that Benebe or the security guard made any attempt to call or contact Vinnik. Further, although Benebe heard a small dog barking and noises inside the apartment, which stopped when he knocked on the door, he could not identify the noises as human noises.
Based on the foregoing, the trial court abused its discretion in denying BoatFloat's motion to quash service of process and vacate default judgment. We reverse and remand for the trial court to quash service of process and vacate the default judgment entered against BoatFloat.
Reversed and Remanded with Directions.
STONE and SHAHOOD, JJ., concur.
NOTES
[1] The defendants in Haney were a husband and wife.
[2] This Haney case involved the same factual circumstances as the Haney explained above, but addressed an order denying a motion to quash personal service of process as to the defendant husband. Apparently, the deputy sheriff also observed the husband in the doorway of the residence when the defendant wife and visiting friend emerged. As discussed above concerning the wife, this Court found service on the husband to be proper as well. Haney, 245 So.2d at 673-74.