PER CURIAM.
This is an appeal by the appellant, the defendant in the trial, seeking a review of final judgment and an adverse ruling denying the defendant’s motion for relief from final judgment alleging a mistake by his lawyer as to date of trial.
The appellant makes two points to be determined by this court on appeal. The appellant alleges that the trial court erred in hearing the case without a jury after his attorney and witnesses failed to appear for trial and a demand for jury trial had been made, and, secondly, the trial court erred in its refusal to set aside the judgment because of the excusable neglect of his lawyer.
Examination of the pleadings discloses that appellant’s point that the trial court erred in hearing the case without jury trial is without merit.
*649 The record .on appeal reveals that the trial court carefully considered the arguments of counsel and the affidavits filed in connection with the motion for relief from the trial court in refusing the appellant’s motion for new trial and relief from final judgment. See Winter Park Arms, Inc. v. Akerman, Fla.App.1967, 199 So.2d 107, 109, wherein the court stated:
“In considering the exercise of discretion courts must recognize that litigants may not properly be allowed with impunity to disregard the process of the court; and, indeed, it would be an abuse of discretion to vacate a judgment where the moving party shows no legal ground therefor and offers no excuse for his own negligence or default.”
For a further discussion of the application of judicial discretion, we find in Farish v. Lum’s, Inc., Fla.1972, 267 So.2d 325, 327, as follows:
“The exercise of discretion by a trial judge who sees the parties first-hand and is more fully informed of the situation, is essential to the just and proper application of procedural rules. In the absence of facts showing an abuse of that discretion, the trial court’s decision excusing, or refusing to excuse, noncompliance with rules, such as Rule 1.370, must be affirmed.”
Affirmed.