528 So.2d 1313 (1988)
Hyun LEE and Oh Hi Lee, His Wife, Appellants,
v.
Su Shin CHUNG and Yang Soon Chung, Appellees.
No. 88-110.
District Court of Appeal of Florida, Second District.
August 3, 1988.
*1314 Paul Antinori, Jr., of Antinori & Stern, P.A., Tampa, for appellants.
Robert E. Burguieres of Nixon and Nixon, Tampa, for appellees.
Appellees, Pro Se, after withdrawal of Nixon and Nixon.
PARKER, Judge.
The Lees seek review of a nonfinal order which vacated a final judgment, previously entered by the trial court in the Lees favor, pursuant to Florida Rule of Civil Procedure 1.540.[1] We reverse.
This appeal stems from a lawsuit[2] initiated by the appellees, the Chungs, in April 1987 against the appellants, the Lees. Count I of the Chungs' complaint prayed for reformation of a written business lease entered between the parties, specifically, reformation of paragraph 10 of the lease providing that in the event of sale of the leased property the tenants would be required to vacate the premises upon receipt of sixty-days written notice. The complaint further alleged that the Chungs could not read or speak English and that, based upon the ground of mistake, the lease should be reformed so as to remove the above eviction clause from the lease. Count II of the Chungs' complaint sought specific performance of the parties' agreement, whereby the Chungs would purchase the leased property from the Lees for a sum of $400,000.
*1315 The Lees filed a motion to dismiss the complaint asserting, among other grounds, that it failed to state a claim for which relief could be granted. In June 1987, the trial court entered an order dismissing count II, with prejudice, and count I, without prejudice, further granting the Chungs leave to amend within fifteen days. The Chungs failed to file an amended complaint for reformation and in August 1987, the Lees moved for the entry of a final judgment. In September 1987, the trial court entered final judgment in favor of the Lees on count I, without prejudice, and count II, with prejudice, further stating: "The Plaintiffs [Chungs] take nothing by this action and the Defendants [Lees] go hence without day."[3]
On November 16, 1987, counsel for the Chungs filed an unsworn motion to vacate the final judgment previously entered primarily on the ground of excusable neglect predicated upon the attorney's failure, who prepared the original complaint on their behalf, to file a timely amended complaint as ordered by the court. The Lees responded by objecting to the motion to vacate listing several reasons. After conducting a hearing at which no evidence or affidavits were presented in support of the motion, but merely the argument of counsel for the parties, the circuit court entered an order vacating the portion of the final judgment dismissing count I for reformation, which is the order sought to be reviewed by this interlocutory appeal.[4]
Specifically, the Chungs' motion to vacate the earlier judgment recited that attorney Hart, who represented the Chungs in the original reformation suit, failed to advise the Chungs that the complaint was dismissed on September 2, 1987 with leave for the Chungs to amend within a certain specified period. In their motion, the Chungs admitted that attorney Hart "was aware of the due date for filing amended pleading," but failed to file it within the time ordered. The motion further stated that the law firm of Nixon and Nixon, of which Hart was an associate, evidently was uninformed of Hart's failure to amend the complaint timely. Hart eventually left the firm on or about September 18, 1987, two weeks following the entry of the final judgment.
No affidavit, evidence, or testimony was presented at the hearing on the Chungs' motion to vacate. The motion itself was unsworn and unverified. Nor were any reasons offered in the motion why the Chungs' neglect or failure to file a timely amendment was "excusable." Essentially, the motion to vacate complained that Hart failed to advise the Chungs or anyone in the Nixon law firm regarding the status of the case.
It is considered an abuse of discretion for a trial court to vacate a judgment under circumstances where the moving party has demonstrated no legal ground and offered no excuse except that party's own negligence or default. O'Country v. Town Sandwich Shop, 332 So.2d 648 (Fla. 3d DCA 1976). Where, as here, there is an unsworn motion, not supported by evidence of any sort at the hearing, the motion, without more, does not warrant vacating a prior final judgment which on its face appears proper. See Yu v. Weaver, 364 So.2d 539 (Fla. 4th DCA 1978). A party moving to vacate a default *1316 must set forth facts explaining or justifying the mistake or inadvertence by affidavit or other sworn statement. B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981). A movant has the burden to prove "excusable neglect" by affidavit or other sworn statement. Collins v. Collins, 519 So.2d 729 (Fla. 2d DCA 1988).
We acknowledge the existence of authority which treats neglect by an attorney as excusable where the neglect is the result of generally accepted practices and amenities among the local bar. See Smiles v. Young, 271 So.2d 798 (Fla. 3d DCA 1973) and Kash N'Karry Wholesale Supermarkets, Inc. v. Garcia, 221 So.2d 786 (Fla. 2d DCA 1969). However, as was noted in Kash N' Karry, the record in this case is silent as to the practice and procedure generally relied upon among the attorneys in Hillsborough County, as well as devoid of any applicable amenities which may exist between the bench and bar of the circuit.
Because of the Chungs' failure to provide the necessary evidentiary support for their unsworn motion to vacate the judgment, we find that the trial court abused its discretion in partially setting aside the final judgment entered on September 2, 1987, in favor of the Lees. We, therefore, reverse the order vacating that final judgment and remand with instructions that the trial court reinstate the September 2, 1987 judgment.
Reversed and remanded with instructions.
SCHEB, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] The relevant portion of Florida Rule of Civil Procedure 1.540 provides:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect;
[2] On November 3, 1987, the Chungs filed a separate lawsuit in another division of the circuit court consisting of a single-count complaint for reformation of paragraph 10 of the business lease. This second complaint, essentially alleging the same cause of action contained in the first lawsuit, was also dismissed upon the Lees' motion with leave to amend permitting the Chungs to assert a different theory of recovery such as fraud or misrepresentation. Both cases pending in separate divisions of the circuit court were consolidated in January 1988, by order of the court, directing the parties to proceed in the division in which the first suit was filed. Any potential res judicata effect which a decision on the merits of one of the cases may have upon the other is not an issue subject to review in this appeal. This appeal only encompasses the first lawsuit.
[3] In passing, we observe that the principle expressed in Bettez v. City of Miami, 510 So.2d 1242 (Fla. 3d DCA 1987) that the trial court has the inherent power to reconsider its interlocutory orders prior to the entry of a final order does not apply in the present situation. We conclude that the words "without prejudice" contained in the vacated final judgment in reference to the dismissal of count I, were mere surplusage in light of the additional language of finality stated in the order and the intent of the trial court as surmised from the record, that such an order be a final determination of the case on the merits. See Derma Lift Salon, Inc. v. Swanko, 419 So.2d 1180 (Fla. 3d DCA 1982).
[4] The nonfinal order under appeal is reviewable under Florida Rule of Appellate Procedure 9.130(a)(5), which provides that:

Orders entered on motions filed pursuant to Fla.R.Civ.P. 1.540 are reviewable by the method prescribed by this rule.