558 So.2d 206 (1990)
MARSHALL DAVIS, INC., D/B/a Einstein Financial, Appellant,
v.
INCAPCO, INC., D/B/a Telamarketing Communications of Tampa Bay, Appellee.
No. 89-01520.
District Court of Appeal of Florida, Second District.
March 23, 1990.
*207 Graham H. Nicol of Stiles, Allen & Taylor, P.A., Tampa, for appellant.
Jeffrey L. Cohen of Kass, Hodges & Massari, Tampa, for appellee.
PARKER, Acting Chief Judge.
Appellant, Marshall Davis, Inc., d/b/a Einstein Financial, appeals a final judgment in favor of appellee, Incapco, Inc., d/b/a Telamarketing Communications of Tampa Bay, which final judgment was entered as a result of a default. We find the trial court abused its discretion in failing to set aside the default judgment and reverse.
Incapco filed suit against Marshall Davis on an open account. Incapco perfected service of process on Marshall Davis, a Colorado based nationwide corporation, by serving the resident agent in Florida on January 9, 1989. The resident agent forwarded the summons and complaint to Dennis Holtorf, an employee of Marshall Davis. Marshall Davis had in place at the time a corporate procedure whereby Holtorf was responsible for ensuring that suit papers were forwarded to local counsel for Marshall Davis. Holtorf knew of and was familiar with the reporting procedure, as he had forwarded numerous suit papers to Marshall Davis's attorneys in the past. For unknown reasons, Holtorf, failing to comply with these policies, did not forward the papers that he received. Shortly thereafter, Holtorf left the employ of Marshall Davis. On March 3, 1989, the clerk of court entered a default against Marshall Davis. One month later, on April 6, 1989, the trial court entered a final judgment against Marshall Davis.
Marshall Davis alleged that it learned of the lawsuit and the default judgment on April 11, 1989. Then on April 26, 1989, counsel for Marshall Davis filed a motion to vacate the final judgment. Attached to the motion was a supporting affidavit setting forth facts relating to Marshall Davis's contention that its failure to respond to the complaint was due to excusable neglect. Marshall Davis also filed a motion to dismiss, setting forth its defenses to the complaint. The trial judge denied Marshall Davis's motion to vacate the final judgment.
In order to have a default set aside, a party must proceed diligently to have the default set aside and show excusable neglect[*] and a meritorious defense. Canney v. Canney, 453 So.2d 179 (Fla. 2d DCA 1984). In the instant case, Marshall Davis was diligent in filing the motion to set aside default after learning of the lawsuit. Also, Marshall Davis filed a sworn affidavit, stating that it had an established corporate policy for handling lawsuits which was not followed in this case. Courts of Florida have held that this constitutes excusable neglect. Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So.2d 83 (Fla.3d DCA 1987); Plotkin v. Deatrick Leasing Co., 267 So.2d 368 (Fla. 3d DCA 1972). Finally, Marshall Davis presented a meritorious defense.
We conclude that the preceding facts established that the trial court abused its discretion when it refused to set aside the default. There is a strong preference in the law for lawsuits to be determined on the merits; therefore, courts should liberally set aside defaults under appropriate circumstances. North Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Bland v. Viking Fire Protection, Inc. of the Southeast, 454 So.2d 763 (Fla. 2d DCA 1984). Although a party must establish a gross abuse of the trial court's discretion to justify an appellate court's reversal of a ruling *208 on a motion to set aside a default, a lesser showing is required to reverse a denial of a motion to set aside a default than to reverse a granting of such motion. Garcia Ins. Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977).
Reversed and remanded for further proceedings consistent with this opinion.
PATTERSON and ALTENBERND, JJ., concur.
NOTES
[*] Other reasons for setting aside a default are contained in Florida Rule of Civil Procedure 1.540(b).