RYDER, Acting Chief Judge.
Lori K. Gilbert contests the trial court’s nonfinal order denying her motion to set aside a default in a dissolution proceeding. Because we conclude that she showed excusable neglect in failing to answer the petition, we reverse and remand for further proceedings.
The husband filed his petition for dissolution of marriage and a motion for temporary custody on July 2, 1993, and served his wife on July 20, 1993. Upon receipt of the petition, Mrs. Gilbert, a resident of North Carolina, contacted a Florida attorney to represent her. Attorney O’Brien said he would require a $750.00 retainer before he could agree to represent her. On or about August 2, 1993, she forwarded him $470.00 as a retainer for his services. Because it was less than the agreed retainer, he returned the funds with instructions that he would not represent her. She promptly obtained sufficient funds with the help of friends and associates. Attorney O’Brien received on August 11, 1992, a letter via facsimile from an individual who promised to pay the $750.00 retainer for Mrs. Gilbert. He then agreed to represent her.
On August 10, 1993, the clerk entered a default. On August 18, 1993, Mrs. Gilbert filed an amended verified motion to set aside the default. The trial judge found that her motion did not allege facts sufficient to find excusable neglect and, therefore, denied her motion.
We disagree. Mrs. Gilbert assumed, perhaps erroneously, that her delivery of $470.00 was sufficient to retain the services of attorney O’Brien. She has very limited funds and was uncertain about the exact amount of the retainer. Apparently, she did not contemplate that he would refuse her representation. She cannot be faulted for the attorney’s reluctance to accept her under the facts of this record. She quickly sought the services of an out-of-state attorney and sent him $470.00 within twelve days of service. When he rejected that amount three days later, she sought assistance from friends. Within six days, attorney O’Brien received assurances of a forthcoming retainer. No gross negligence is shown on these facts. The appellant is entitled to proceed to a trial on the merits.
“There is a strong preference in the law for lawsuits to be determined on the merits; therefore, courts should liberally set aside defaults under appropriate circumstances.” Marshall Davis, Inc. v. Incapco, Inc., 558 So.2d 206, 207 (Fla. 2d DCA 1990). Mrs. Gilbert proceeded diligently to have the default set aside and has shown excusable neglect and a meritorious defense.
Reversed and remanded for further proceedings consistent with this opinion.
PATTERSON and LAZZARA, JJ., concur.