720 So.2d 1141 (1998)
GATEWAY AMERICAN BANK OF FLORIDA, Appellant,
v.
LUCKY JET CORPORATION, a Florida corporation, Appellee.
No. 98-0503.
District Court of Appeal of Florida, Fourth District.
November 12, 1998.
*1142 Bernard T. Moyle of Benson, Moyle & Chambers, Fort Lauderdale, for appellant.
Arthur M. Wolff of Law Offices of Arthur M. Wolff, Fort Lauderdale, for appellee.
WARNER, J.
The trial court refused to set aside a default, despite appellant's claim that its failure to answer the complaint was due to a breakdown in corporate policy. We hold that where the adherence to a company policy for responding to legal proceedings was frustrated by an upheaval in the corporation due to a change of officers, the trial court erred in refusing to set aside the default.
Appellee Lucky Jet filed suit against appellant Gateway American Bank, and on October 6, 1997, executive vice-president of Gateway, Regina Waterhouse, was served with process. Despite being properly served, Gateway failed to answer the complaint. Subsequently, Lucky Jet set a hearing for entry of a default judgment based upon the clerk's default, and furnished notice to Gateway on November 21, 1997; however, the notice was not addressed to any specific officer of the bank. The motion was reset for December 1, 1997. In the meantime, Gateway realized that it had not responded to the suit and moved to set the default aside on December 3, 1997.
The affidavit of Ms. Waterhouse, which was attached to the motion to vacate the default, stated that she had given the complaint to the then president of Gateway, Randall Benston. Four days later, on October 20, 1997, John Lyons replaced Mr. Benston as president of the bank. Due to the turmoil caused by the changeover, the complaint was not forwarded to Gateway's counsel, although both Ms. Waterhouse and Mr. Lyons testified by way of affidavit that they were under the mistaken belief that counsel had received the complaint.
In addition, Ms. Waterhouse provided that she first learned of the default on December 1, 1997, when the senior lender delivered to her the first notice of hearing on the motion for default judgment. Mailroom personnel had previously misdelivered the notice to the senior lender. Unfortunately, when the notice was delivered, the senior lender was on vacation, and the notice sat in his office until his return. Upon receipt of the notice, Ms. Waterhouse immediately forwarded it to counsel who filed a motion to set aside the clerk's default on December 3, 1997. The motion alleged the foregoing facts as excusable neglect, due diligence upon discovery of the default to move to set it aside, and a meritorious defense. See, e.g., Sanchez v. Horrell, 660 So.2d 366, 367 (Fla. 4th DCA 1995). The trial court denied the motion on the grounds that Gateway had failed to show excusable neglect and lacked a meritorious defense. As a consequence, the trial court granted Lucky Jet's motion for entry of final judgment against Gateway.
We have previously held that "[w]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits." Somero v. Hendry Gen. Hosp., 467 So.2d 1103, 1106 (Fla. 4th DCA 1985). In the case at bar we conclude that the facts set forth above constitute just such a reasonable explanation and a system gone awry. See Marshall Davis, Inc. v. Incapco, Inc., 558 So.2d 206, 207 (Fla. 2d DCA 1990) (excusable neglect exists where corporation shows by affidavit that it has established corporate policy but that such policy was not followed in a particular instance because person charged with *1143 handling legal documents left the company shortly after delivery of the documents to him); see also North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 853 (Fla.1962) (misrouting and misplacing of suit papers constitutes excusable neglect to warrant setting aside a default).
We also find that Gateway asserted a meritorious defense. Lucky Jet claimed in its lawsuit that Gateway cashed three forged checks drawn on Lucky Jet's account. Although Lucky Jet contends that it is well established that a bank is bound to know the signatures of its depositors and that payment on a forged check cannot be charged to the account of the depositor, see section 673.4031, Florida Statutes (1997), there are several statutory defenses that a bank can assert to avoid liability for paying a forged instrument. See, e.g., § 673.4051, Fla.Stat. (1997) (employer's responsibility for fraudulent indorsement of an employee); § 673.4061, Fla.Stat. (1997) (negligence contributing to forged signatures). The facts alleged in Gateway's answer would avoid liability on its part based on these provisions.
Reversed and remanded with directions to set aside the default and final judgment entered thereon.
KLEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.