HARRIS, J.
The issue before us is whether the trial court abused its discretion in not setting aside a clerk’s default based on defendant’s motion alleging excusable neglect and meritorious defense. It is not contested that defendant alleged a meritorious defense; the issue is whether the defendant proved excusable neglect.
The affidavits submitted by defendant showed that service was perfected on its registered agent. When no answer was filed, the clerk entered a default. Prior to a default judgment, however, defendant moved to set aside-the default. Although not sure as to the exact date, the registered agent testified that she sent the complaint to the attorney for the corporate defendant. The attorney testified that the complaint never reached his office. The court refused to set aside the default because neither the registered agent nor the attorney admitted negligence. The court failed to consider that the fact that the complaint was lost in the mail is itself a ground for setting aside a default.
In Ponderosa, Inc. v. Stephens, 539 So.2d 1162, 1163 (Fla. 2d DCA 1989), the court held:
To be relieved of a default, a defendant must show excusable neglect, a meritorious defense, and that he used due diligence in seeking relief after learning of the default, (citations omitted). The record reveals that Ponderosa exercised due diligence in seeking relief from the default. Further, Ponderosa’s reliance upon its adjusting company to hire counsel followed by the loss of suit papers, which is verified by several affidavits, constitutes excusable neglect.
*910 This record also reflects diligence and papers lost in the mail. When the policy of the law is to try cases on the merits, this should be sufficient to set aside a default when no judgment has been entered.
REVERSED and REMANDED for further action consistent with this opinion.
W. SHARP, J., concurs.
COBB, J., dissents with opinion.