753 So.2d 573 (1999)
Peter GEORGE, Appellant,
v.
James RADCLIFFE and Performance Concepts, Inc., Appellees.
No. 98-4416.
District Court of Appeal of Florida, Fourth District.
October 6, 1999.
Opinion Denying Rehearing January 5, 2000.
*574 Keith T. Grumer and Rowena D. Reich of Grumer & Levin, P.A., Fort Lauderdale, for appellant.
John R. Hargrove and Cristina M. Pierson of Heinrich Gordon Hargrove Weihe & James, P.A., Fort Lauderdale, for appellees.
Keith T. Grumer, Maidenly Sotuyo-Macaluso and Rowena D. Reich of Grumer & Levin, P.A., Fort Lauderdale, for appellant, on rehearing.
KLEIN, J.
Appellant was the plaintiff in this case, and the appellees were defendants who filed a counterclaim against plaintiff. The trial court granted defendants' motion for a default judgment on their counterclaim because plaintiff failed to file an answer. We affirm the order denying his motion to vacate the default judgment.
On May 6, 1998, the trial court entered an agreed order allowing amendment of the counterclaim, and on that same date the parties agreed that the litigation would "stand still" until May 29, 1998, the date set for a hearing on another matter. The "standstill" period was not extended. The agreed order required plaintiff to answer the amended counterclaim in twenty days.
Plaintiff did not answer the amended counterclaim, even after expiration of the "standstill" period, and on July 13, 1998, defendants moved for default against plaintiff for failing to answer their amended counterclaim. Plaintiff's counsel telephoned counsel for defendants on July 24 and asked for an extension of time, but defendants' counsel would not agree. The hearing on the motion for default was set for and took place on July 28, 1998, and in spite of the denial of his request for additional time, plaintiffs counsel did not file an answer.
The trial court granted the motion for default, and, three weeks later, plaintiff moved to set the default aside alleging excusable neglect and meritorious defenses. The motion admitted that plaintiffs counsel had telephoned defendants' counsel on July 24 seeking a three day extension to July 31 to file the answer because his secretary was on vacation, which opposing counsel refused to do. Plaintiff's counsel alleged in the motion, and testified at the hearing on the motion to vacate, that he had an understanding with prior counsel representing defendants, who were replaced on July 15, 1998, that he would have additional time. The trial court denied the motion to vacate.
Our standard of review of an order ruling on a motion to vacate a default judgment is whether there has been a gross abuse of the trial court's discretion. North Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla.1962). We find no such abuse in this case and affirm.
STONE and HAZOURI, JJ., concur.

ON MOTION FOR REHEARING
KLEIN, J.
Appellant argues in his motion for rehearing that the gross abuse of discretion standard of review which we applied should only be used in reviewing an order granting a motion to vacate a default judgment. He contends that an order denying a motion to vacate a default judgment is reviewed under the less stringent abuse of discretion standard. There are cases which so hold. See e.g., Marshall Davis, Inc. v. Incapco, Inc., 558 So.2d 206 (Fla. 2d DCA 1990); Finkel Outdoor Prods., Inc. v. Lasky, 529 So.2d 317 (Fla. 2d DCA 1988).
We used gross abuse of discretion because that is what the Florida Supreme Court held the standard to be in North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962), the landmark case on setting aside default judgments. Although North Shore involved review of an order granting a motion to vacate, the North Shore court relied on Benedict v. W.T. Hadlow Co., 52 Fla. 188, 42 So. 239 (1906), *575 in which the trial court denied a motion to vacate and the standard of review applied was gross abuse of discretion.
We agree with appellant that "a greater showing is required to reverse an order granting a motion to vacate a default than is required to reverse a denial of such a motion." McKinzie v. Hollywood, Inc., 421 So.2d 606, 607 (Fla. 4th DCA 1982); See B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981); Marshall Davis, Inc. v. Incapco, Inc., 558 So.2d 206 (Fla. 2d DCA 1990); Allstate Ins. Co. v. Ladner, 740 So.2d 42 (Fla. 1st DCA 1999). That principle, although not articulated in North Shore, is consistent with Florida's liberal policy in favor of vacating defaults so that controversies can be decided on the merits. North Shore, 143 So.2d at 852, 853. Given that policy, it makes sense to use abuse of discretion, not gross abuse, as the standard of review, when the trial court has denied a motion to vacate. Applying that standard in this case does not change the result. We therefore deny the motion for rehearing.
STONE, and HAZOURI, JJ., concur.