748 So.2d 1101 (2000)
Charles C. EDWARDS, Appellant,
v.
Elisha NAJJAR and Ruth Najjar, his wife, Jordan Najjar, Joshua Najjar, and Jesse Najjar, Appellees.
No. 3D99-1788.
District Court of Appeal of Florida, Third District.
January 26, 2000.
Robert D. Hertzberg, Miami; Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., and Joel Perwin, Miami, for appellant.
Kluger, Peretz, Kaplan & Berlin, P.A., and Alan J. Kluger and Terri Meyers, Miami, for appellees.
*1102 Before COPE, GREEN and FLETCHER, JJ.
COPE, J.
Charles C. Edwards appeals an order denying defendant-appellant Edwards' motion to vacate a default. We reverse.
Plaintiffs-appellees[1] sued defendant-appellant for breach of a limited partnership agreement which the parties had entered into for land development. At the end of November 1998, defendant was personally served with the complaint at his home in Baltimore, Maryland.
At the time of service, defendant was a professor of surgery with an active surgical practice. He was also a real estate developer and chairman of the board and majority shareholder of Kiwi Airlines. In the normal course, he received numerous (sometimes one hundred) pieces of mail daily at his home office, and managed his business affairs with the assistance of his wife.
Upon receiving the complaint, defendant placed it in his second priority stack of documents, to be handled after matters requiring immediate attention. Under normal circumstances, this stack of documents would have come back to his desk in due course for handling and disposition.
At this time, defendant's mail-handling system was disrupted by two significant events. First, the week before, the chief executive officer of Kiwi Airlines had resigned, and defendant had to become the acting chief executive officer in order to try to keep the airline flying. The defendant had a personal investment in the airline of twenty-one million dollars. The temporary assignment as chief executive officer required his personal presence in the corporate headquarter in New Jersey two days a week. The airline ultimately filed for bankruptcy in March of 1999.
Second, in December, the defendant's stepmother fell seriously ill, with what turned out to be her last illness. Defendant was in attendance at the hospital and helping oversee her treatment, but this was unavailing and she died later in the month.
The stepmother had personally managed the defendant's father's substantial estate. As a result of her illness, she could not carry out those responsibilities. Several boxes of business records relating to his father's estate were delivered to defendant. When the defendant's wife unloaded the boxes, she inadvertently stacked estate papers on top of the document pile containing the complaint in this case. The complaint was thus misplaced and never returned to the defendant's desk for action.
In February 1999, a default was entered in this case. A copy of the default was mailed to the defendant's home. Also in February plaintiffs' counsel mailed a notice for trial on damages to defendant's home. Defendant concedes that both documents must have been received at his home soon after they were mailed, but, owing to the extraordinary circumstances outlined above, he did not personally see either document.
In March 1999, the court sent out the order setting this case for a trial on damages. Defendant received this document and, although in expedited litigation with the Federal Aviation Administration over its attempt to revoke Kiwi Airlines' flying certificate, the defendant within a week placed the matter in the hands of Florida counsel, who subsequently moved to set aside a default.
The trial court took testimony from the defendant, who produced his entire calendar for the time period in question here. In the written order the court denied the motion because the defendant acknowledged *1103 he had been personally served and because the sending of the notice for trial in February, 1999 did not trigger a response at that time. The court concluded that the defendant had not demonstrated excusable neglect or due diligence. See Markowski v. Attel Bank Int'l, 701 So.2d 416, 418 (Fla. 3d DCA 1997) (outlining elements for setting aside a default). It is undisputed that the defendant has shown a meritorious defense. The defendant has appealed.
We respectfully disagree with the trial court's ruling. The main issue is whether there was excusable neglect, and we conclude that there was.
Florida has a long-standing policy in favor of deciding lawsuits on their merits. See North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 852-53 (Fla.1962); Markowski v. Attel Bank Int'l, 701 So.2d at 417; Cinkat Transp., Inc. v. Maryland Cas. Co., 596 So.2d 746, 747 (Fla. 3d DCA 1992). Thus, "`* * * if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits of the case.'" North Shore, 143 So.2d at 853 (citations omitted); see also Apolaro v. Falcon, 566 So.2d 815, 816 (Fla. 3d DCA 1990); cf. George v. Radcliffe, number 98-4416, ___ So.2d ___, 1999 WL 817818 (Fla. 4th DCA Oct. 6, 1999) (analyzing standard of review).
The Fourth District has explained:
[W]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits. It is a gross abuse of discretion for the trial court to rule otherwise.
Somero v. Hendry General Hosp., 467 So.2d 1103, 1106 (Fla. 4th DCA 1985).
This court has held that excusable neglect was shown where "the complaint, which had been transmitted from Florida to the corporate secretary at the company's national headquarters in Los Angeles, became `lost' in a pile of unrelated documents on the desk of the general counsel, who was responsible for retaining a local attorney to file an appropriate response." Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So.2d 83, 83-84 (Fla. 3d DCA 1987) (citing, inter alia, Edwards v. City of Fort Walton Beach, 271 So.2d 136 (Fla. 1972)) (remaining citations omitted).
The appropriate showing of excusable neglect was made here. Ordinarily the defendant's mail handling system would have been perfectly adequate. However, through clerical error the complaint became buried in a stack of unrelated papers and was not returned to the defendant's desk for action. The defendant also demonstrated that his entire business system was unexpectedly overloaded by the fact that he had to become the chief executive officer of Kiwi Airlines in the period November 1998 through the bankruptcy filing in March of 1999; by the last illness of his stepmother; and by the concomitant necessity of the defendant to take over management of his father's estate. Keeping in mind the admonition that in case of doubt, discretion is to be exercised in favor of vacating the default, see North Shore, 143 So.2d at 852-53, we conclude that on this showing the default should have been vacated.
The trial court also found that due diligence had not been shown, but that finding is not supported by the record. It was uncontroverted that within a week after receiving the order setting trial on damages, the matter was placed in the hands of Florida counsel. The trial court was very clear that Florida counsel acted with due diligence after being contacted by defendant.
The order under review is reversed and the cause remanded with directions to vacate the default.
NOTES
[1] Elisha Najjar and Ruth Najjar, his wife, Jordan Najjar, Joshua Najjar, and Jesse Najjar.