766 So.2d 269 (2000)
INTEGRATED TRANSACTION SERVICES, INC., a New Mexico corporation, Appellant,
v.
BAHAMA SUN-N-FUN TRAVEL, INC., a Florida corporation, Appellee.
No. 4D99-1046.
District Court of Appeal of Florida, Fourth District.
February 16, 2000.
*270 Gary S. Phillips of Phillips, Eisinger, Koss & Rosenfeldt, P.A., Hollywood, Gary Freed, and Benjamin Fink of Freed & Berman, P.C., Atlanta, Georgia, for appellant.
Richard A. Ivers of Romanik Huss & Ivers, Pembroke Pines, for appellee.
GROSS, J.
This is a non-final appeal from an order denying appellant Integrated Transaction Services, Inc.'s ("Integrated") motion to set aside a default after it failed to timely respond to a lawsuit.
The trial court considered affidavits and depositions filed by the parties at a hearing on February 10, 1999.
Appellee Bahama Sun-n-Fun Travel, Inc. ("Bahama") sued Integrated and its president Andrew Phillips for common law fraud, civil theft, and breach of contract. The lawsuit claimed that the defendants had misappropriated approximately $350,000 from an account at a Bahamian bank; the civil theft count sought treble damages.
At a meeting in Atlanta on January 28, 1998, Integrated terminated Phillips as president, claiming that he embezzled from the company. On January 29 at 1:30 p.m., the complaint was served on Integrated's employee Anita Garland at its New Mexico office. Garland had worked closely with Phillips for a number of years. She contended that she left the complaint on Phillips's desk. Later in the day, she learned that Phillips had been fired. Garland claimed that she completely forgot about the complaint until June, 1998. Garland thought that Phillips had taken the suit papers with him after he cleaned out his office several days after the date of service.
On January 29, Integrated sent a consultant, Dicron Tafralian, to take over Phillips's position in New Mexico. Integrated claimed that the suit papers were on Phillips's desk when Tafralian arrived, but that Tafralian did not look at them because he was involved in the day-to-day operation of the company. In an affidavit, Tafralian stated that he found no suit papers in the office; he believed that Phillips removed them after cleaning out his office on January 29. However, other evidence indicated that Phillips did not go to the New Mexico office until "a week or so" after he was fired on January 28.
Bahama suggests in its brief that the evidence points to Garland as the one who concealed the lawsuit from Integrated:
Garland worked with PHILLIPS for approximately 16 years. The most likely explanation of what happened is that when Garland received the papers on January 29th, she withheld them from Tafralian in order to protect PHILLIPS (and perhaps herself).
A clerk's default was entered against Integrated on February 23, 1998. Integrated filed suit against Phillips in Georgia, alleging fraud and embezzlement. Curiously, after Phillips was served with the complaint in April, 1998, he filed a motion to dismiss in this case on behalf of Integrated and himself. Integrated's lawyers learned of this lawsuit in June, 1998 from a special agent of the Federal Bureau of Investigation, who was investigating the conduct of Phillips. Integrated filed a motion to vacate the default on June 24, 1998.
The trial court denied the motion to set aside the default, ruling that Integrated had failed to carry its burden of demonstrating excusable neglect. Finding that Phillips did not return to New Mexico until a "week or so" after January 28, the trial judge commented that Integrated had not established why it "didn't have the opportunity over ten days before [Phillips] came *271 back [to the office] to get ahold of [the lawsuit] and put it where it is supposed to be, especially in light of having an individual [who] has been with the company sixteen years...."
Florida policy favors the setting aside of defaults so that controversies may be decided upon the merits. See North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 852-53 (Fla.1962). In implementing this policy, "if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits of the case." Id. at 853 (quoting State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40 (1931)). This court may reverse a trial court's order denying a motion to vacate a default if it finds that the trial court has abused its discretion. See George v. Radcliffe, 753 So.2d 573 (Fla. 4th DCA 1999).
In Somero v. Hendry General Hospital, 467 So.2d 1103, 1106 (Fla. 4th DCA 1985), we held that
where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits.
Gateway American Bank of Florida v. Lucky Jet Corp., 720 So.2d 1141 (Fla. 4th DCA 1998), demonstrated that one type of "system gone awry" occurs when the failure to timely respond to a complaint may be ascribed to the turmoil caused by a changeover in presidents of a bank.
This case presents a similar scenario. Under any version of the facts, the complaint arrived at Integrated's offices in the midst of corporate upheaval, at a time when the loyalties of the company's employees may have been divided. See Marshall Davis, Inc. v. Incapco, Inc., 558 So.2d 206, 207 (Fla. 2d DCA 1990). Certainly it was to Integrated's benefit to properly track a lawsuit accusing it of fraud and civil theft and seeking damages of over one million dollars. Its failure to do so in this case falls within those types of fact situations where defendants have been permitted to defend cases on their merits. See Gateway, 720 So.2d at 1142; Amex Int'l, Inc. v. Kunde, 722 So.2d 909 (Fla. 5th DCA 1998); Marshall Davis, 558 So.2d at 207.
We also find that Integrated asserted meritorious defenses. One claim was that Phillips dealt with Bahama on his own, not as president of Integrated, using corporations he had set up, without Integrated having any involvement in any transaction with Bahama. Integrated also challenged Bahama's computation of its loss, ascribing the depletion of a bank account to legitimate charge backs typical of the type of travel business which Bahama conducted.
Reversed and remanded with directions to set aside the default.
STEVENSON and TAYLOR, JJ., concur.