779 So.2d 356 (2000)
MERCURY MARINE INDUSTRIES, INC., Appellant,
v.
Rodney L. DILLON and Rebecca B. Dillon, Appellees.
No. 2D99-1546.
District Court of Appeal of Florida, Second District.
March 29, 2000.
J. Scott Kirk and Scott D. Danahy of Rumberger, Kirk & Caldwell, P.A., Orlando, for Appellant.
Daniel A. Carlton, Sarasota, for Appellees.
CAMPBELL, Acting Chief Judge.
Appellant challenges the trial court's refusal to set aside a default judgment entered against it for failure to timely answer appellees' complaint. Although appellant had been properly served with the complaint, appellant did not file a timely answer because the service papers became lost. The court entered a default judgment against appellant, which the court then refused to set aside, finding that while appellant had shown diligence and a meritorious defense, it had not shown such excusable neglect as would allow the court to set aside the default. We conclude that this was error and reverse.
Appellees had filed an action against appellant for alleged defects in the propulsion system of a boat they had purchased. The boat's propulsion system was manufactured by appellant. Although the complaint was properly served on appellant, due to negligence on the part of appellant, the service papers became lost, resulting in entry of the default. In seeking to have the default set aside, appellant filed the affidavits of two of its employees, neither of whom could explain how their usually efficient corporate system for responding to complaints had somehow failed, except to say that the documents had been lost or misplaced in a filing cabinet. It was established that appellant had a corporate policy and procedure for handling lawsuits, which had been followed successfully in hundreds of cases in the past.
In refusing to set aside the default, the trial court concluded that while appellant had shown due diligence and a meritorious *357 defense, it had not shown excusable neglect, the third requirement for setting aside a default. See Marshall Davis, Inc. v. Incapco, Inc., 558 So.2d 206 (Fla. 2d DCA 1990). The court found that appellant's explanation for its tardiness was too vague to constitute excusable neglect.
However, Florida courts have repeatedly held that such mistakes constitute excusable neglect. In Marshall Davis, 558 So.2d 206, this court held that a failure to follow corporate policy for handling lawsuits constituted excusable neglect, and in Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So.2d 83 (Fla. 3d DCA 1987), the Third District found the defendant's tardiness in answering a complaint to be excusable neglect where it was:
[O]ccasioned by a neglectful, but understandable, breakdown in the corporate defendant's practice which occurred when the complaint, which had been transmitted from Florida to the corporate secretary at the company's national headquarters in Los Angeles, became `lost' in a pile of unrelated documents on the desk of the general counsel, who was responsible for retaining a local attorney to file an appropriate response.
Id. at 83-84. See also Edwards v. Najjar, 748 So.2d 1101 (Fla. 3d DCA 2000).
Here, despite the existence of a usually reliable corporate procedure for handling lawsuits, the suit papers were lost or misplaced in a filing cabinet due to the neglectful, but understandable, breakdown in the corporate defendant's practice of handling complaints. As in Marshall Davis and Carter, Hawley, we conclude that appellant here made a sufficient showing of excusable neglect to set aside the default. While a "party must establish a gross abuse of the trial court's discretion to justify an appellate court's reversal of a ruling on a motion to set aside a default, a lesser showing is required to reverse a denial of a motion to set aside a default than to reverse a granting of such motion." Marshall Davis, 558 So.2d at 207-08. The severity of the error in the court's denial of appellant's motion to set aside the default here is sufficient to require us to reverse. See Merrill Lynch Mortgage Capital, Inc. v. Hallmark Industries, Inc., 627 So.2d 12 (Fla. 2d DCA 1993); S.B. Partners v. Holmes, 479 So.2d 280 (Fla. 2d DCA 1985).
The cases cited by appellees do not apply. In Lee v. Chung, 528 So.2d 1313 (Fla. 2d DCA 1988), the defendant was not a corporation, so the "corporate procedure" exception would not apply. Moreover, no affidavit, evidence or testimony was presented at the hearing on the motion to vacate. In Otero v. Government Employees Ins. Co., 606 So.2d 443 (Fla. 2d DCA 1992), although the defendant was a large corporation, the evidence showed not only negligence on the part of the defendant, but gross negligence. As this court observed, "[w]hen confronted with a continuing shower of legal pleadings naming it as the defendant, including a notice of trial, GEICO did nothing." Id. at 444. The situation here presents only one pleading that was not answered; this was not a chronic pattern of behavior.
Having concluded that the court erred in denying the motion to vacate the default, we reverse and direct that the default be set aside so as to allow the case to proceed.
Reversed.
BLUE and STRINGER, JJ., Concur.