TAYLOR, J.,
dissenting.
I would reverse the denial of appellant’s motion to set aside the default.
In this case, the trial judge refused to set aside the default because he determined that appellant’s belief that he was being represented by the lawyer representing the corporate defendants was not reasonable and that appellant’s failure to maintain contact with the lawyer after giving her the pleadings and receiving her assurances that she would file an answer on his behalf was not excusable. However, the circumstances surrounding the default show that appellant’s belief concerning legal representation was reasonable, and any doubts about these circumstances should be resolved in his favor.
The unrebutted evidence established that: appellant had an existing attorney-client relationship with Jeanne Odom Conway (“Conway”); Conway represented appellant on other corporate matters while this lawsuit was pending; appellant conferred with Conway about defense strategy in this case and assisted her in drafting responsive pleadings on behalf of the other defendants; Conway told appellant she would represent him when he was served; when appellant was served with the summons and complaint he promptly delivered them to Conway with instructions to file an answer; Conway confirmed that she would file an answer; upon appellant’s resignation from the board of directors, the corporation agreed to provide appellant with legal representation in any lawsuits arising from his activities as a corporate officer; Conway never contacted appellant in writing, or by any other means, to advise him that she was no longer representing him; Conway did not file an answer, and a default was entered against appellant.
Appellees did not dispute that appellant moved with diligence to set aside the default. When appellant received a letter from Conway advising him of the default, he retained new counsel the next day and moved to set aside the default a week later. Appellees also did not dispute that appellant had a meritorious defense. They simply argued that appellant should have maintained contact with Conway after delivering the pleadings to her and made certain that she filed an answer on his behalf. According to appellees, his failure to monitor his attorney’s performance constituted inexcusable neglect.
An order denying a motion to vacate a default is reviewed under an abuse of dis- *1205 eretion standard. See George v. Radcliffe, 753 So.2d 573 (Fla. 4th DCA 2000)(the stricter “gross abuse of discretion” standard applies to an order granting a motion to vacate default). In light of Florida’s longstanding policy of liberality in setting aside defaults so that controversies may be determined on their merits, I would find that the trial court abused its discretion in denying appellant’s motion to set aside the default in this case.
In North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 852-53 (Fla.1962), the Florida Supreme Court held that reasonable doubts concerning circumstances surrounding a default should be resolved in favor of granting the application and allowing a trial upon the merits. The circumstances in this case indicate that appellant had a justifiable belief that Conway would file a responsive pleading on his behalf. At the very least, the evidence shows confusion about Conway’s representation and provides a reasonable explanation for appellant’s failure to file an answer. Thus, the circumstances surrounding the default justify applying the “reasonable doubt” standard of North Shore and allowing a trial on the merits.
Appellant’s conduct after turning over his case to counsel is no less excusable than that of other defendants who have been granted relief from default judgments under similar situations. See Brandt v. Dolman, 421 So.2d 689 (Fla. 4th DCA 1982)(default judgment should have been set aside against defendant who failed to file an answer because he was misadvised by agent of co-defendant corporation that its counsel would represent both defendants in action); Somero v. Hendry Gen. Hosp., 467 So.2d 1103 (Fla. 4th DCA 1985)(trial court abused discretion in denying motion to vacate dismissal for failure to timely seek substitution of deceased defendant’s personal representative as party in the case, where, plaintiffs’ counsel proceeded under the assumption that substitution would be handled by stipulation); Gateway Am. Bank of Fla. v. Lucky Jet Corp., 720 So.2d 1141 (Fla. 4th DCA 1998)(bank established reasonable explanation for its failure to file an answer due to upheaval in the corporation brought about by a change of officers); Rogozinski v. Sullivan, 624 So.2d 822 (Fla. 2d DCA 1993)(defendants established at least a reasonable doubt as to the propriety of a default where there was confusion concerning the scope of counsel’s representation and defendants speedily arranged for counsel to move to vacate the default judgment).
In a recent case, Integrated Transaction Services, Inc., v. Bahama Sun-N-Fun Travel, Inc., No. 4D99-1046, — So.2d -, 2000 WL 173955 (Fla. 4th DCA Feb.16, 2000), we reversed the trial court’s denial of a motion to set aside a default upon facts similar to those in this case. In Integrated Transaction Services, Phillips, the president of a corporation, was sued, along with the corporation, for allegedly misappropriating $350,000 from a bank account. The company terminated Phillips just one day before the complaint was served on an employee for the corporation. . The employee said she left the complaint on Phillips’ desk and then forgot about it. A default was entered against the corporation. At the hearing on the motion to set aside the default, conflicting evidence was presented concerning what happened to the suit papers after they were served. The trial court denied the motion to set aside the default, ruling that the corporation had not demonstrated excusable neglect. We reversed, noting Florida’s longstanding policy favoring setting aside defaults and citing language from Somero:
[W]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits.
467 So.2d at 1106.
We found that the circumstances surrounding the default in Integrated *1206 Transaction Services were typical of those situations where defendants have been permitted to defend cases on their merits. We stated:
Under any version of the facts, the complaint arrived at Integrated’s offices in the midst of corporate upheaval, at a time when the loyalties of the company’s employees may have been divided (citation omitted). Certainly it was to Integrated’s benefit to properly track a lawsuit accusing it of fraud and civil theft and seeking damages of over one million dollars.
Integrated Transaction Services, — So. 2d at -, 2000 WL 173955 at *2.
Similarly, the appellant in this case was served with the complaint soon after his termination from the corporation “in the midst of corporate upheaval.” Confusion and reasonable misunderstanding led to a failure to properly defend the suit. Like the corporate defendant in Integrated Transaction Services, the appellant herein had a substantial stake in defending a lawsuit, wherein damages exceeding $1.7 million were being sought against him. Moreover, unlike some of the defendants in the above-cited cases, appellant actually took steps to secure representation and was given assurances that his defense would be covered. He then moved quickly to obtain new counsel and vacate the default after being advised that a default had been entered against him.
For these reasons, I would reverse and remand with directions to vacate the default.