HARRIS, J.
Acceleration appeals from the denial of its motion to set aside default. We reverse.
Simmons was rear-ended by Kinker, who defaulted. Simmons proceeded to trial without a defendant and obtained a judgment against Kinker for $70,000. The trial court then permitted Simmons to amend his complaint to join Kinker’s insurer, Acceleration, as a defendant. Since the complaint is not in the record, it is not clear whether Simmons brought a bad faith settlement action or merely garnished the insurer.
Service on Acceleration was accomplished by serving the Florida Department of Insurance but, according to the affidavit filed by Acceleration, the papers were not received by Acceleration. Acceleration claims that it was not notified of the action against it until information was faxed to its attorney after the default was taken. Shortly after Acceleration learned of the default judgment, it employed counsel to have the default set aside.
The trial court did not indicate why it refused to set aside the default. The affidavit establishes that even if the papers reached Acceleration’s agents, they were either lost or misplaced and did not reach the appropriate parties. Misplaced or lost papers have been recognized as grounds for setting aside defaults. See Hialeah, Inc. v. Adams, 566 So.2d 350 (Fla. 3d DCA 1990); Gateway American Bank of Florida v. Lucky Jet Corp., 720 So.2d 1141 (Fla. 4th DCA 1998).
Acceleration showed due diligence in immediately hiring attorneys to set aside the default.
In so far as a meritorious defense is concerned, we are curious as to why this action was made a part of the original negligence action and what cause of action a negligence plaintiff might state against a defaulting insured’s insurance company. According to Acceleration’s affidavit, its insured never notified it of the action filed by Simmons. There could have been no bad faith settlement claim against it if it was unaware of the action. Unless the insured complied with her policy obligations, Simmons would have no right to proceed against the insurer on either a bad faith settlement action or in garnishment. The insurer alleges as a potential defense that Simmons exaggerated his injuries in this minimum contact accident. Because its insured did not notify the insurer, it was denied the opportunity to participate, through lawyers employed by it, in apportioning negligence, if appropriate, and in assessing damages in the negligence action.
REVERSED and REMANDED with instruction to set aside the default judgment and the default.
PETERSON and PLEUS, JJ., concur.