GRIFFIN, J.
A.L. appeals the trial court’s denial of her motion to set aside the order of dependency of her minor child, S.G.L. A.L. was not present at the dependency hearing nor did she appeal the trial court’s determination. Twenty-seven days after entry of the order, A.L. moved the court to set it aside because she did not have actual notice of the hearing date. The trial court treated the motion as one seeking rehearing and denied it as untimely.
The Department of Children and Families [“DCF”] filed the original petition for dependency in February 1997 and supplemented it on July 5, 2000. The petition alleged physical and emotional abuse of A.L.’s two minor children inflicted by the mother and her boyfriend, both alcoholics. The hearing was held on July 6, 2001. The mother was not present at the hearing and the Guardian Ad Litem moved the court to proceed in her absence and listen to the testimony of S.G.L. The court granted this motion while noting on the record that the mother had been active in the case and in contact with her attorney.
After DCF rested, A.L.’s counsel moved for a continuance, saying that although he was unsure of whether the mother had actual notice of the hearing date, she did have notice of the trial period. The court noted that the mother had been involved in the dependency system for almost four years and was accustomed to the procedure. Since she did have notice of the trial period, and the hearing was held on the last day, she would have contacted her attorney if she were interested in doing so. The court said that if the mother had a legitimate excuse for her absence, a motion for rehearing could be filed.
The court found S.G.L. dependent. The matter was set for disposition on July 19 and the trial court reiterated that if the mother contacted her attorney with a legitimate excuse, the court would entertain a motion for rehearing. At this disposition hearing, after reviewing the predisposi-tional report, the court adjudicated S.G.L. dependent. The mother was not present.
On August 16, 2001, the mother filed a “motion for relief from judgment and to re-open trial.” The motion set forth that she had been advised by her attorney that depositions had been scheduled after the scheduled trial period so she had expected the case to be continued. The motion also set forth that she had been out of touch with her attorney only for a short time due *225 to her understanding that the case would not be tried until after the scheduled depositions. The motion was unsworn.
The trial court conducted a hearing on the motion. The court said that such a motion should have been filed within ten days and denied the motion. A.L.’s counsel urged that the court has a year to grant relief from a judgment. Under the applicable portion of Florida Rule of Juvenile Procedure 8.270, relief from judgment is available. The trial court appeared to be of the view, however, that the motion was legally insufficient to support relief from judgment and qualified only as a motion for rehearing. We find no abuse of the trial court’s discretion. See Lee v. Chung, 528 So.2d 1313 (Fla. 2d DCA 1988); Bayview Tower Condo. Ass’n v. Schweizer, 475 So.2d 982 (Fla. 3d DCA 1985).
AFFIRMED.
SAWAYA and ORFINGER, R. B., JJ., concur.