ALTENBERND, Judge,
Concurring.
I concur in this opinion and agree that the established standard of review for this issue is gross abuse of discretion. See, e.g., Mercury Marine Indus., Inc. v. Dillon, 779 So.2d 356, 357 (Fla. 2d DCA 2000); Marshall Davis, Inc. v. Incapco, Inc., 558 So.2d 206, 207 (Fla. 2d DCA 1990). I admit that in light of the standard for abuse of discretion announced in Cana-karis v. Canakaris, 382 So.2d 1197 (Fla. 1980), I do not have any adequate description of “gross abuse of discretion” to apply as the standard of review in a case like this. See Laura Whitmore, Abuse of Discretion: Misunderstanding the Deference Accorded Trial Court Rulings, 79 Fla. Bar J. No. 6, at 83 (June 2005). I believe we should review this case as a matter of law de novo.
As our opinion explains, a defaulting party must make a tripartite showing to set aside a default. In this case, Lisa Bryan made no showing whatsoever of excusable neglect for her failure to file a responsive pleading. She appears to have confused or intermingled the first prong, excusable neglect, with the third prong, due diligence. Her entire focus was on a claim of excusable neglect for her somewhat delayed due diligence in seeking relief from the default. Without any showing that her failure to file a timely responsive pleading was excusable, I do not believe that she presented to the trial court the predicate necessary for the trial court to have the power to exercise discretion. See Townsend v. Townsend, 585 So.2d 468, 469 (Fla. 2d DCA 1991) (reversing a modification of alimony because husband did not present proof of a substantial change, which “is a prerequisite to a trial court’s authority to exercise discretion to modify permanent alimony”); Cowie v. Cowie, 564 So.2d 533, 535 (Fla. 2d DCA 1990) (stating that until a peti *66 tioner presents evidence to surpass a minimum threshold, “the trial court does not have the authority to exercise its discretion”). Thus, while I agree with the result in this case, if I had the option I would not hold that the trial court committed a gross abuse of discretion. Instead, I would hold that it erred as a matter of law in making a discretionary decision without a legal basis in the record to authorize the exercise of discretion.