ROTHENBERG, Judge.
Frank Gangemi (“Gangemi”) is a disbarred attorney who was incarcerated for stealing in excess of $6 million from his clients. Paul De Vico, one of Gangemi’s clients, filed a lawsuit against Gangemi’s lawfirm, Berkell & Berkell-Rafery, P.A., and Gerald S. Berkell (collectively “the defendants”) on August 8, 2003. On March 21, 2007, after the defendants learned that Mr. De Vico had died, they filed a Suggestion of Death, thereby triggering Florida Rule of Civil Procedure 1.260(a)®, which provides that upon a suggestion of death, the proper party must be substituted within ninety days. At the expiration of the ninety-day period, because no substitution was made and no extension was requested, the defendants filed a motion to dismiss pursuant to Florida Rule of Civil Procedure 1.260(a), and noticed the motion for a hearing on July 25, 2007.
On July 24, 2007, Mr. De Vico’s daughter, Lorraine De Vico, the personal representative of her father’s estate, filed, through counsel, a Motion to Substitute Party. On July 25, Ms. De Vico filed a motion for enlargement of time and an affidavit sworn to by her counsel. After considering the evidence presented and the arguments of counsel, the trial court *647 dismissed the complaint, finding no excusable neglect.
Because rule 1.090(b) provides for an enlargement of time to procure substitution of the proper party, and rule 1.090(b)(2) allows an extension of time after expiration of the prescribed period upon a showing of excusable neglect, we must determine whether the trial court abused its discretion by finding that excusable neglect was not shown. Boudot v. Boudot, 925 So.2d 409, 415 n. 2 (Fla. 5th DCA 2006) (citing Smith v. Smith, 902 So.2d 859, 861 (Fla. 1st DCA 2005)).
We begin our analysis with recognition of this state’s long-standing tradition in favor of the disposition of an action on its merits. See N. Shore Hosp., Inc. v. Barber, 143 So.2d 849, 852-53 (Fla.1962); Vera v. Adeland, 881 So.2d 707, 710 (Fla. 3d DCA 2004); Edwards v. Najjar, 748 So.2d 1101, 1103 (Fla. 3d DCA 2000). Additionally, all doubts are to be resolved in favor of allowing trial on the merits. See Edwards, 748 So.2d at 1103; Apolaro v. Falcon, 566 So.2d 815, 816 (Fla. 3d DCA 1990); Tucker v. Firestone Tire & Rubber Co., 552 So.2d 1178, 1179 (Fla. 2d DCA 1989).
Ms. De Vico’s counsel, Ron Bradley Kurtz (“Kurtz”), filed an affidavit explaining that Mr. De Vico handled his own affairs and that upon his death, his daughter, Lorraine, was left with the task of determining her father’s assets and liabilities and attending to his affairs. Although she had been appointed as the personal representative of her father’s estate at the suggestion of her probate and tax attorney for tax reasons, being a lay person and unfamiliar with the process, she did not realize that a probate estate had been opened, and she did not inform Kurtz of the existence of the probate action. Kurtz averred that as soon as he learned that a probate estate had been initiated and that Ms. De Vico had been named as the personal representative of her father’s estate, he immediately filed the motion to substitute her as a party.
In Somero v. Hendry General Hospital, 467 So.2d 1103, 1106 (Fla. 4th DCA 1985), the Fourth District held that:
[WJhere inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits. It is a gross abuse of discretion for the trial court to rule otherwise.
(Emphasis added).
Likewise, in Edwards, this Court found that the trial court abused its discretion by denying the defendant’s motion to set aside a default. 748 So.2d at 1102-03. This Court found that the appropriate showing of excusable neglect was made where, through clerical error, “the complaint became buried in a stack of unrelated papers” and counsel demonstrated due diligence by taking action within one week after discovery of the matter. Id. at 1103. In the instant case, Ms. De Vico was inexperienced and confused and did not understand that a probate estate had been opened. Within three or four days of counsel’s discovery of the matter, and before the motion to dismiss was heard, Kurtz filed a motion for substitution. A corporate secretary’s failure to transmit a complaint to the company’s headquarters in Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So.2d 83, 83-84 (Fla. 3d DCA 1987); counsel’s confusion as to whether an estate had been opened in Vera, 881 So.2d at 710; or a secretary’s misplacement of a complaint in Edwards, 748 So.2d at 1103, are not more reasonable *648 than Ms. De Vico’s confusion in the instant case.
We, therefore, reverse the trial court s orders denying the motion to substitute parties and dismissing the complaint.
Reversed.