# Third District Court of Appeal

## State of Florida

Opinion filed August 31, 2016.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D15-2905
Lower Tribunal No. 13-11553

————————————

**Wilmington Trust, N.A., etc.,**
Appellant,

vs.

**Carlton A. Whyte etc., et al.,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Pearson Bitman LLP and Ronnie J. Bitman, Morgan W. Bates, and Briana K. Huffer (Maitland), for appellant.

No appearance for appellees.

Before SUAREZ, C.J., and WELLS and SALTER, JJ.

SUAREZ, C.J.

Wilmington Trust, N.A., as Trustee, for the Benefit of Registered Holders of

Structured Asset Mortgage Investments II Trust 2007-AR1, Mortgage Pass-

Through Certificates, Series 2007-AR1 ("Trustee") appeals the denial of its Motion to Vacate Order Dismissing Case. We reverse.

Trustee filed a foreclosure action against Appellees Carlton A. Whyte and Diana Whyte[1] in 2013. The matter was set for trial in February 2015, but trial was delayed because Appellees filed a Suggestion of Bankruptcy. After the bankruptcy was dismissed the Trustee re-noticed the matter for trial. The trial court entered an Order re-setting the matter, but due to an electronic filing error within the Trustee's counsel's computer system, counsel did not receive the notice. When the Trustee's counsel did not appear at the time of trial, the trial court dismissed the foreclosure action. Upon later learning of the dismissal, the Trustee moved to vacate the dismissal arguing excusable neglect. After hearing, the trial court denied the motion.

We believe the trial court abused its discretion in doing so. As has been explained in many cases, "[e]xcusable neglect is found where inaction results from clerical or secretarial error, [] a system gone awry or any other of the foibles to which human error is heir." Elliot v. Aurora Loan Servs., LLC, 31 So. 3d 304, 307 (Fla. 4th DCA 2010). See also, Ocwen Loan Servicing, LLC v. Brogdon, 185 So. 3d 627, 619 (Fla. 5th DCA 2015) and Edwards v. Najjar, 748 So. 3d 1101, 1103 (Fla. 3d DCA 2000). In this case, the Trustee provided undisputed evidence that, due to a problem with its counsel's computer system, counsel did not actually

---

[1] Appellees did not file any briefs in this action.

receive the notice for trial. Courts have consistently held that such error constitutes excusable neglect under Florida Rule of Civil Procedure 1.540(b)(1) and the trial court abused its discretion in not finding that excusable neglect was shown in this case. Accordingly, we reverse the trial court's order dismissing the case and remand for further proceedings.

Reversed and remanded for further proceedings.